UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLBY TUNICK,<br><br>    Plaintiff,<br><br>v.<br><br>TAKARA SAKE USA INC.,<br><br>    Defendant. | Case No. 23-cv-00572-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 42 |

We are here on Plaintiff's motion to compel for the 12 topics he noticed in his Rule 30(b)(6) deposition notice. ECF No. 42. The Court's view is that litigants can generally choose which form of discovery they want to use, but like any general principle, there are some limits. And this deposition notice is something else.

Take a look at topic 1:

> **Identification of Products.** *The identification of all Products sold in the United States during the Relevant Period* by: (a) name and description sufficiently specific to identify and differentiate each Product (**name**); (b) all unique identifiers, such as a companywide and department specific internal control numbers (e.g., codes used to track products, labels, formulations, inventory, and/or sales), Universal Product Code ("UPC"), and Stock Keeping Unit ("SKU") (**unique identifiers**); (c) size (**size**); (d) variations including flavor, type of sake, or type of packaging (**variation**); (e) dates when each Product was first manufactured, first advertised, first sold, last manufactured, last advertised, last sold, and any intermittent removals from the market at any point (**dates**); (f) any and all past, current, or future plans to discontinue the ingredients, manufacture, advertising, labels/packaging, or sale of the Product, including all underlying reasons (**discontinue**); and (g) bates number for Documents that provide the foregoing information (**key documents**).

The defined term "Product" includes at least 10 product lines. The Court does not see how any deponent could memorize all that information. Rule 30(b)(6) witnesses sometimes bring

materials with them to the deposition to help with their memory.  But to prepare a witness on topic 1, the Defendant would have to draft what would effectively be an enormous interrogatory response and then send a witness into the deposition to read it into the record.  It is impossible to understand why it would be a good idea to use a deposition to get this level of detail about product information.  The witness would not likely have any information beyond what it is written in the document he brings with him to the deposition.  The other deposition topics all suffer from the same problem.  Requesting this level of extreme detail by way of a deposition notice is an undue burden.  This is what interrogatories are for.

Defendant argues that several of these topics seek irrelevant information.  The Court declines to address that argument.  These topics as drafted are completely unsuitable for a Rule 30(b)(6) deposition, and that is sufficient to resolve the current dispute.  Plaintiff's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 22, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge