UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLBY TUNICK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TAKARA SAKE USA INC., et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-00572-TSH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL; DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 56, 71 |

## I.　INTRODUCTION

Pending before the Court are administrative motions to consider whether another party's materials should be sealed pursuant to Local Rules 7-11 and 79-5(f) brought by Plaintiff Colby Tunick.  ECF Nos. 56, 71

## II.　LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  In evaluating a request to seal, courts consider the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.  *Valley Broad. Co. v. United States Dist. Ct. for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986).

"Two standards generally govern motions to seal documents like the one at issue here" – "compelling reasons," or "good cause."  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  This Court applies the compelling reasons

1  standard to motions to seal documents relating to class certification.  *See Iglesias v. For Life*
2  *Prods., LLC*, No. 21-cv-01147-TSH, 2024 WL 4149944, at *1 (N.D. Cal. Sept. 10, 2024);
3  *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar.
4  24, 2020) (collecting cases); *see also Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d
5  1092, 1098–1101 (9th Cir. 2016) (holding compelling reasons standard applies to sealing
6  documents related to non-dispositive motions that are "more than tangentially related to the
7  underlying cause of action.").  Under this standard, "a strong presumption in favor of access is the
8  starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this strong
9  presumption, the moving party must "articulate compelling reasons supported by specific factual
10 findings that outweigh the general history of access and the public policies favoring disclosure,
11 such as the public interest in understanding the judicial process." *Id.* at 1178–79 (quotation
12 omitted).  "In general, compelling reasons sufficient to outweigh the public's interest in disclosure
13 and justify sealing court records exist when such court files might have become a vehicle for
14 improper purposes, such as the use of records to gratify private spite, promote public scandal,
15 circulate libelous statements, or release trade secrets." *Id.* at 1179 (quotation omitted).  Courts
16 must "balance the competing interests of the public and the party who seeks to keep certain
17 judicial records secret." *Id.* (cleaned up).  "After considering these interests, if the court decides to
18 seal certain judicial records, it must base its decision on a compelling reason and articulate the
19 factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quotation omitted).

### III.  DISCUSSION

**A.   ECF No. 56**

    **1.   Documents Designated Confidential by Defendant: Exhibits 4, 8, 9 and 10 to Plaintiff's Motion for Class Certification and Boyd Declaration**

In his motion to seal at ECF No. 56, Plaintiff identified materials filed in conjunction with his motion for class certification (ECF No. 55) that had been designated as confidential by Defendant Takara Sake USA Inc.  These include Exhibits 4, 8, 9 and 10 to the Declaration of Joshua Nassir (ECF 55-11, 55-15, 55-16 and 55-17) and portions of the Declaration of David Boyd, which Plaintiff redacted to the extent the Boyd Declaration directly referenced those

2

1  exhibits. ECF No. 55-5. Plaintiff also redacted portions of his Memorandum of Points and
2  Authorities in support of his motion for class certification referencing those exhibits. ECF No. 55-
3  1.
4      Defendant filed a statement and declaration stating that it seeks to seal Exhibits 4, 8, 9 and
5  10 to the Nassir Declaration and to preserve the redactions Plaintiff has made to the Declaration of
6  David Boyd, which directly reference those exhibits. ECF Nos. 60, 60-1. Defendant's arguments
7  in favor of sealing these four exhibits and maintaining Plaintiff's redactions to the Boyd
8  Declaration are persuasive. Defendant does not seek to seal any of quotations from those exhibits
9  contained in Plaintiff's Memorandum of Points and Authorities. ECF No. 60 at 2.
10      Accordingly, the Court **GRANTS** the motion at ECF No. 56 as to Exhibits 4, 8, 9, and 10
11  and **ORDERS** them sealed. The Court likewise **GRANTS** the motion as to Plaintiff's redactions
12  to the Boyd Declaration. The motion at ECF No. 56 is **DENIED** as to the Plaintiff's
13  Memorandum of Points and Authorities. The Court orders Plaintiff to file his Memorandum of
14  Points and Authorities in support of class certification in the public record no sooner than five
15  days and no later than 10 days from the date of this order.
16      **2.**    **Documents Designated Confidential by Third Parties**
17          **a.**    **Exhibit 14 to Plaintiff's Motion for Class Certification**
18      The Court finds compelling reasons to seal Plaintiff's Exhibit 14 in its entirety. Plaintiff's
19  Exhibit 14 consists of detailed third-party sales data produced by Circana, LLC ("Circana").
20  Circana, which is not a party to this action, filed a statement and declaration in support of the
21  Motion as it pertains to market research data that Circana provided to Plaintiff. ECF No. 59; ECF
22  No. 59-1 (Decl. of Brian Burke). Circana is a market research firm that collects, analyzes and
23  markets specialized data. Burke Decl. ¶ 2. Circana's Principal, Mid Market National, Brian
24  Burke, attests that "Circana's prinicpal source of operating revenues is the fees it generates from
25  the licensing of its data collections to customers, most of whom are businesses in the
26  manufacturing and retailing of consumer products." *Id.* Burke attests that Plaintiff's counsel paid
27  Circana to deliver a custom report on sales of identified products in California from 2019 to 2024.
28  *Id.* ¶ 7. Burke attests that Plaintiff's counsel agreed to keep the report confidential and not to

United States District Court
Northern District of California

1   disclose the data without Circana's express prior written consent. *Id.* ¶ 8. Burke attests that the
2   publication of Circana's confidential report and data would result in irreparable harm to Circana,
3   including "the loss of the revenues Circana would normally receive for the production of the data
4   on request to its paying clients." *Id.* ¶ 9.

5         The Court finds this information could potentially put Circana at a competitive
6   disadvantage "by providing for free what [it] has expended resources collecting and charging its
7   clients for," *McMorrow v. Mondelez International, Inc.*, No. 17-cv-2327-BAS-JLB, 2021 WL
8   488337, at *2 (S.D. Cal. Feb. 10, 2021) (internal quotations omitted); *see also Iglesias v. For Life
9   Prods., LLC*, 2024 WL 4149944, at *4 (finding compelling reasons to seal Circana sales data).
10  The request is narrowly tailored and is unopposed.

11        Accordingly, the Court **GRANTS** Plaintiff's motion to seal Plaintiff's Exhibit 14.

12        **b.**    **Exhibit 15 to Plaintiff's Motion for Class Certification**

13        Exhibit 15 to Plaintiff's Motion for Class Certification consists of sales data previously
14  designated as confidential by third party Albertsons. Plaintiff served the sealing motion on
15  Albertsons in accordance with Local Rule 79-5(f)(2). ECF No. 56-12. Under Civil Local Rule
16  79-5(f)(3), Albertsons had seven days to file a statement or declaration justifying the sealing.
17  Albertsons did not do so. Accordingly, the motion at ECF Nos. 56 is **DENIED** as to Exhibit 15 to
18  Plaintiff's Motion for Class Certification. Because Exhibit 15 was lodged in native format (ECF
19  No. 57), the Court does not order Plaintiff to file it on the public docket. Rather, the exhibit
20  remains in the possession of the Clerk's Office and is not under seal.

21  **B.**    **ECF No. 71 – Portions of Plaintiff's Reply In Support of Motion for Class
22  Certification**

23        In ECF No. 71, Plaintiff seeks to redact portions of his reply in support of his Motion for
24  Class Certification containing information designated as confidential by non-party Circana.
25  Plaintiff served the sealing motion on Circana in accordance with Local Rule 79-5(f)(2). ECF No.
26  71-4. Under Civil Local Rule 79-5(f)(3), Circana had seven days to file a statement or declaration
27  justifying the sealing. It did not do so. Accordingly, the motion at ECF Nos. 71 is denied. The
28  Court orders Plaintiff to file his Reply in the public record no sooner than five days and no later

United States District Court
Northern District of California

than 10 days from the date of this order.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's sealing motion at ECF No. 56 is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's sealing motion at ECF No. 71 is **DENIED.**

**IT IS SO ORDERED.**

Dated: August 22, 2025

THOMAS S. HIXSON
United States Magistrate Judge

5