**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel.: (213) 788-4050
Fax: (213) 788-4070

**TREEHOUSE LAW, LLP**
Benjamin Heikali (SBN 307466)
*bheikali@treehouselaw.com*
Joshua Nassir (SBN 318344)
*jnassir@treehouselaw.com*
Ruhandy Glezakos (SBN 307473)
*rglezakos@treehouselaw.com*
Katherine Phillips (SBN 353048)
*kphillips@treehouselaw.com*
3130 Wilshire Blvd., Ste. 555
Santa Monica, CA 90403
Telephone: (310) 751-5948

*Class Counsel for Plaintiff and the Certified Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLBY TUNICK, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>TAKARA SAKE USA INC.,<br><br>          Defendant. | Case No.: 3:23-cv-00572-TSH<br>Compl. Filed: February 8, 2023<br>FAC Filed: April 26, 2023<br><br>*Assigned to Hon. Thomas S. Hixson, United States Magistrate Judge*<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT**<br><br><u>Hearing Information</u>:<br>Date: March 12, 2026<br>Time: 10:00 a.m.<br>Courtroom: E, 15th Fl. |

# REDACTED — PUBLICLY FILED

Case No. 3:23-cv-00572-TSH

MOTION FOR PRELIMINARY APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 12, 2026 at 10:00 a.m., in Courtroom E of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable Thomas S. Hixson presiding, Plaintiff Colby Tunick will and hereby does move for an Order pursuant to the Federal Rules of Civil Procedure granting preliminary approval of the proposed Rule 23(b)(2) settlement with Defendant Takara Sake USA Inc.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the accompanying Declaration of Bahar Sodaify, the exhibits thereto, the pleadings and records on file in this action, and other relevant matters and argument as the Court may consider at the hearing of this motion.

Dated: January 30, 2026

**CLARKSON LAW FIRM, P.C.**

By: */s/ Bahar Sodaify*
    Ryan J. Clarkson
    Bahar Sodaify

**TREEHOUSE LAW, LLP**

By: */s/ Joshua Nassir*
    Joshua Nassir
    Benjamin Heikali
    Ruhandy Glezakos
    Katherine Phillips

    *Class Counsel for Plaintiff and the*
    *Certified Class*

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

**TABLE OF CONTENTS**

**Page No.**

I.    INTRODUCTION ................................................................................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND .................................................... 1

      A.    Plaintiff Filed This Action to Address Defendant's Consumer Deception.................. 1

      B.    Plaintiff Prevailed Against Defendant's Attempt to Dismiss the Case........................ 2

      C.    The Parties Engaged in Extensive Discovery and Expert Analysis ............................. 2

      D.    The Court Certified a Class for Injunctive Relief ........................................................ 2

      E.    Settlement Reached Through Mediation and Arms-Length Negotiations.................... 3

III.  THE RULE 23(b)(2) SETTLEMENT .......................................................................... 3

      A.    The Injunctive Relief Addresses the Claims in the FAC ............................................. 3

      B.    The Court-Approved Settlement Class Definition ........................................................ 4

      C.    The Class Release Is Narrowly Limited to the Injunctive Relief Claims .................... 4

      D.    The Service Award Recognizes Plaintiff's Significant Contribution .......................... 5

      E.    Reasonable Attorneys' Fees and Costs Reflect Extensive Efforts and Results
            Achieved ....................................................................................................................... 5

IV.   NOTICE TO THE CLASS IS NOT REQUIRED BECAUSE THE SETTLEMENT IS FOR
      INJUNCTIVE RELIEF ONLY ..................................................................................... 5

V.    THE PRELIMINARY APPROVAL STANDARD IS SATISFIED BECAUSE
      INJUNCTIVE RELIEF DEMONSTRATES THE SETTLEMENT IS FAIR,
      REASONABLE, AND ADEQUATE ............................................................................ 8

      A.    The Settlement Resulted from Serious, Informed, Non-Collusive Arm's Length
            Negotiations .................................................................................................................. 9

      B.    The Settlement Does Not Provide Preferential Treatment ........................................... 10

      C.    The Settlement Falls Within the Range of Possible Approval .................................... 11

      D.    The Settlement Has No Deficiencies ............................................................................ 14

VI.   CONCLUSION.............................................................................................................. 15

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

## TABLE OF AUTHORITIES

**Cases**            **Page No.**

*Adoma v. Univ. of Phoenix, Inc.*,
 913 F. Supp. 2d 964 (E.D. Cal. 2012)................................................................ 4

*Banks v. R.C. Bigelow, Inc.*,
 2:20-cv-06208-DDP-RAO (C.D. Cal. June 17, 2022)........................................ 12

*Broomfield v. Craft Brew All., Inc.*,
 No. 17-CV-01027-BLF,
 2018 WL 4952519 (N.D. Cal. Sept. 25, 2018).................................................. 9

*Broomfield v. Craft Brew All., Inc.*,
 No. 17-CV-01027-BLF,
 2020 WL 1972505 (N.D. Cal. Feb. 5, 2020)...................................................... 12

*Bruno v. Quten Rsch. Inst., LLC*,
 No. SACV 11-00173 DOC(Ex),
 2013 WL 990495 (C.D. Cal. Mar. 13, 2013) .................................................... 11

*Campbell v. Facebook, Inc.*,
 No. 13-cv-05996-PJH,
 2017 WL 3581179 (N.D. Cal. Aug. 18, 2017)
 *aff'd*, 951 F.3d 1106 (9th Cir. 2020)................................................................ 10

*Carr v. Tadin, Inc.*,
 No. 12-CV-3040 JLS JMA,
 2014 WL 7497152 (S.D. Cal. Apr. 18, 2014)
 *amended in part*, 2014 WL 7499453 (S.D. Cal. May 2, 2014)........................ 13

*Dennis v. Kellogg Co.*,
 No. 09-CV-1786-IEG (WMC),
 2013 WL 1883071 (S.D. Cal. May 3, 2013) .................................................... 12

*DL v. District of Columbia*,
 No. 05-1437 (RCL),
 2013 WL 6913117 (D.D.C. Nov. 8, 2013) ........................................................ 6

*Fontes v. Heritage Operating, L.P.*,
 No. 14-cv-1413-MMA (NLS),
 2016 WL 1465158 (S.D. Cal. Apr. 14, 2016) .................................................. 8

*Franklin v. Kaypro Corp.*,
 884 F.2d 1222 (9th Cir. 1989)........................................................................ 8

*Gatchalian v. Atl. Recovery Sols., LLC*,
 No. 22-cv-04108-JSC,
 2023 WL 8007107 (N.D. Cal. Nov. 16, 2023).................................................. 8

*Goldkorn v. Cnty of San Bernardino*,
 No. EDCV 06-707-VAP(OPx),
 2012 WL 476279 (C.D. Cal. Feb. 13, 2012) .................................................... 15

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

*Grant v. Cap. Mgmt. Servs., L.P.*,
No. 10-cv-2471-WQH (BGS),
2013 WL 6499698 (S.D. Cal. Dec. 11, 2013) ................................................................ 5

*Grant v. Capital Management Servs., L.P.*,
No. 10-cv-2471-WQH (BGS),
2014 WL 888665 (S.D. Cal. Mar. 5, 2014) .................................................................. 12

*Green v. Am. Express Co.*,
200 F.R.D. 211 (S.D.N.Y. 2001) ............................................................................. 6, 7

*Harris v. Vector Mktg. Corp.*,
No. C-08-5198 EMC,
2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ............................................................. 10

*Harris v. Vector Mktg. Corp.*,
No. C-08-5198 EMC,
2012 WL 381202 (N.D. Cal. Feb. 6, 2012) .................................................................. 4

*Hart v. Colvin*,
No. 15-cv-00623-JST,
2016 WL 6611002 (N.D. Cal. Nov. 9, 2016) .............................................................. 10

*Hart v. Colvin*,
No. 15-cv-00623-JST,
2017 WL 9288252 (N.D. Cal. Apr. 17, 2017) .............................................................. 6

*In re Bluetooth Headset Products Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) .................................................................................. 10

*In re Ferrero Litig.*,
No. 11-CV-00205-H-KSC,
2012 WL 2802051 (S.D. Cal. July 9, 2012)
*aff'd*, 583 F. App'x 665 (9th Cir. 2014) ................................................................... 13

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) .................................................................................. 9

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) .................................................................................. 10

*In re Pac. Enters. Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) .................................................................................... 10

*In re Synoc ERISA Litig.*,
516 F.3d 1095 (9th Cir. 2008) ................................................................................. 8

*In re Tableware Antitrust Litig.*,
484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................. 8, 11, 14

*In re Wireless Facilities, Inc.*,
253 F.R.D. 607 (S.D. Cal. 2008) .............................................................................. 9

*Jermyn v. Best Buy Stores*,
No. 08 Civ. 214 (CM),
2012 WL 2505644 (S.D.N.Y. June 27, 2012) ............................................................. 6

MOTION FOR PRELIMINARY APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Johnson v. Triple Leaf Tea, Inc.*,
   No. 3:14-CV-01570-MMC,
   2015 WL 8943150 (N.D. Cal. Nov. 16, 2015) ................................................................................. 13

*Kim v. Space Pencil, Inc.*,
   No. C 11-03796 LB,
   2012 WL 5948951 (N.D. Cal. Nov. 28, 2012) ............................................................................. 5, 15

*Kline v. Dymatize Enters., LLC*,
   No. 15-CV-2348-AJB-RBB,
   2016 WL 6026330 (S.D. Cal. Oct. 13, 2016) ............................................................................... 6, 9

*Lilly v. Jamba Juice Co.*,
   No. 13-cv-02998-JST,
   2015 WL 1248027 (N.D. Cal. Mar. 18, 2015) ............................................................................. 6, 7

*Lilly v. Jamba Juice Co.*,
   No. 13-cv-02998-JST,
   2015 WL 2062858 (N.D. Cal. May 4, 2015) .............................................................................. 13, 15

*Linquist v. Bowen*,
   633 F. Supp. 846 (W.D. Mo. Jan 31, 1986) .................................................................................... 7

*Mamula v. Satralloy, Inc.*,
   578 F. Supp. 563 (S.D. Ohio Sept. 7, 1983) .................................................................................. 7

*McDonald v. CP OpCo, LLC*,
   No. 17-cv-04915-HSG,
   2019 WL 343470 (N.D. Cal. Jan. 28, 2019) .................................................................................... 8

*Moore v. GlaxoSmithKline Consumer Healthcare Holdings US LLC & Pfizer, Inc.*,
   No. 4:20-CV-09077-JSW,
   2024 WL 4868182 (N.D. Cal. October 3, 2024) ......................................................................... 6, 14

*Nat'l Rural Telecomms. Coop. v. DIREC-TV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ................................................................................................. 14

*Oula Zakaria v. Gerber Prods. Co.*,
   No. 15-CV-000200-JAK (Ex),
   2017 WL 9512587 (C.D. Cal. Aug. 9, 2017)
   *aff'd* 2018 WL 5977897 (9th Cir. Nov. 14, 2018) ........................................................................ 13

*Penland v. Warren Cnty. Jail*,
   797 F.2d 332 (6th Cir. 1986) ......................................................................................................... 6

*Rivera v. Agreserves, Inc.*,
   No. 1:15-cv-00613-JLT,
   2016 WL 5395900 (E.D. Cal. Sept. 26, 2016) ............................................................................. 11

*Rossi v. Whirlpool Corp.*,
   No. 12-cv-00125-TLN-CKD,
   2016 WL 3519306 (E.D. Cal. June 28, 2016) ................................................................................. 4

*Sinatro v. Barilla Am., Inc.*,
   No. 22-cv-03460-DMR,
   2024 WL 2750018 (N.D. Cal. May 28, 2024) ................................................................................. 9

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Sinatro v. Barilla Am., Inc.*,
No. 4:22-cv-03460-DMR (N.D. Cal. Oct. 9, 2025) ....................................................................... 12

*Stanton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ........................................................................................................ 10

*Stathakos v. Columbia Sportswear Co.*,
No. 4:15-CV-04543-YGR,
2018 WL 582564 (N.D. Cal. Jan. 25, 2018)................................................................................. 14

*Utility Reform Project v. Bonneville Power Admin.*,
869 F.2d 437 (9th Cir. 1989) .......................................................................................................... 8

*Villegas v. J.P. Morgan Chase & Co.*,
No. CV 09-00261 SBA,
2012 WL 5878390 (N.D. Cal. Nov. 21, 2012) ....................................................................... 11, 14

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011) .................................................................................................................... 6

*Weigele v. Fedex Ground Package Sys.*,
267 F.R.D. 614 (S.D. Cal. Apr. 5, 2010) ..................................................................................... 13

*White v. Experian Info. Sols., Inc.*,
No. SACV05-1070 DOC (MLGx),
2009 WL 10670553 (C.D. Cal. May 7, 2009)................................................................................ 9

**Federal Statutes**

28 U.S.C. § 1715................................................................................................................................ 7

**Federal Rules**

Fed. R. Civ. P. 23.......................................................................................................................*passim*

**Other Authorities**

4 Newberg on Class Actions §§ 11.25, 13.64 (4th ed. 2002 & Supp. 2004)..................................... 8

Manual for Complex Litigation § 21.632 (4th ed. 2004).................................................................... 8

Newberg on Class Actions § 13:15 (5th ed. 2014)........................................................................... 15

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

## MEMORANDUM OF POINTS AND AUTHORITES

### I.    INTRODUCTION

After years of contested litigation, Plaintiff Colby Tunick has reached a proposed Rule 23(b)(2) class settlement with Defendant Takara Sake USA Inc. that provides meaningful injunctive relief while avoiding the risks, expense, and delay of continued litigation. [1] The Settlement directly addresses Plaintiff's core allegation that Defendant falsely conveyed Japanese origin of its sake products by displaying a gold emblem on the front label stating "Licensed by TaKaRa Japan, Since 1851" (the "Japanese Origin Representation"), despite the products being manufactured in Berkeley, California. Under the Settlement, Defendant agrees to discontinue use of the Japanese Origin Representation to avoid consumer confusion and promote accurate, transparent labeling that enables informed purchasing decisions.

The Settlement was reached following arms-length negotiations facilitated by an experienced and well-respected mediator, Hon. Robert A. Baines of JAMS, after extensive discovery, motion practice, and multiple mediation sessions. It represents a well-informed agreement, built on years of litigation and expert analysis. The resolution provides a certain and timely outcome for the Class while avoiding additional risks and delays of continued litigation. Because this is an injunctive-relief-only settlement under Rule 23(b)(2), class members do not have a right to opt out. Notice to the class is thus unnecessary where, as here, the Settlement preserves class members' right to pursue monetary relief. Conditional certification is also unnecessary given that the Court has already certified the class for purposes of injunctive relief.

Plaintiff therefore requests the Court grant preliminary approval without requiring notice to the Class and set a fairness hearing regarding final approval and payment of attorneys' fees, cost reimbursements, and service award.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

#### A.    Plaintiff Filed This Action to Address Defendant's Consumer Deception

In February 2023, Plaintiff filed his complaint in the Northern District of California and later

---

[1] *See* Settlement Agreement ("Settlement"), attached as Exhibit ("Ex.") A to the Declaration of Bahar Sodaify ("Sodaify Decl.").

filed the operative First Amended Complaint ("FAC"), asserting class action claims under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), Consumers Legal Remedies Act ("CLRA"), and common law claims of breach of warranty and unjust enrichment, seeking injunctive relief and damages due to the false Japanese Origin Representation on Defendant's sake products (the "Products"). *See*, ECF No. 18, Prayer for Relief.

### B.     Plaintiff Prevailed Against Defendant's Attempt to Dismiss the Case

Defendant moved to dismiss the FAC on May 10, 2023, but the Court largely denied Defendant's motion. The Court held that reasonable consumers could be misled by the Products' front label, in particular the Japanese Origin Representation, to believe Defendant's sake Products are made in Japan, and rejected Defendant's argument that the back label disclosure regarding origin necessarily eliminated deception at the motion to dismiss stage. *See* ECF No. 30. The Court also held that Plaintiff's claims for express and implied breach of warranty were plausible, but dismissed Plaintiff's unjust enrichment claim. *Id.*

### C.     The Parties Engaged in Extensive Discovery and Expert Analysis

Following the denial of Defendant's motion to dismiss, the parties engaged in discovery efforts for nearly two years. Sodaify Decl. ¶¶ 5–6. They exchanged written discovery, conducted numerous depositions, produced and reviewed thousands of documents, including internal communications, marketing materials, and financial records, and issued subpoenas to relevant third parties. *Id.* Both sides retained highly qualified experts. Plaintiff retained Steven Gaskin, a survey and conjoint analysis expert; Colin B. Weir, an economist; Bob Klein, a market research expert, and Dr. David Boyd, a Japanese translation expert. *Id.* Defendant retained Dr. Robert Zeithammer to rebut opinions and analyses set forth by Messrs. Gaskin, Weir, and Klein. *Id.* The parties also conducted depositions of Plaintiff and key witnesses, including Defendant's corporate representatives and experts. *Id.*

### D.     The Court Certified a Class for Injunctive Relief

Plaintiff moved to certify a California class under both Rule 23(b)(2) for injunctive relief and Rule 23(b)(3) for damages in October 2024. *See* ECF No. 55. On September 15, 2025, the Court granted class certification under Rule 23(b)(2) for injunctive relief, affirming Plaintiff's standing

MOTION FOR PRELIMINARY APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

and the appropriateness of class-wide injunctive relief. *See* ECF No. 88. The Court denied the certification of a damages class under Rule 23(b)(3), concluding that individual issues regarding the exposure to the "licensed by" emblem predominates for class members who purchased a Product from an online retailer and that there is a mismatch between Plaintiff's damages model and theory of liability. *Id.* at 10–21.

**E.    Settlement Reached Through Mediation and Arms-Length Negotiations**

On March 1, 2024, the parties participated in a mediation session with Hon. Amy Hogues of Signature Resolution but were unable to reach a resolution at that time. Sodaify Decl. ¶ 8. Following the Court's certification order, the parties renewed their efforts to resolve the matter and engaged in a full day, in-person mediation on November 24, 2025, before Hon. Robert A. Baines in San Francisco, California. *Id.* That session proved fruitful, and after extensive negotiations, the parties reached a settlement in principle, and they subsequently worked to formalize the settlement terms. *Id.*; Ex. A.

On December 11, 2025, the parties filed a Notice of Settlement informing the Court of the agreement in principle and their intent to seek preliminary approval. ECF No. 93. The Court subsequently vacated all dates and set January 30, 2026 as the deadline to file Plaintiff's motion for preliminary approval. ECF No. 94. Accordingly, Plaintiff now respectfully submits this Motion for Preliminary Approval of the Settlement, seeking to bring this Action to a fair, efficient, and equitable resolution for the certified Class.

**III.    THE RULE 23(b)(2) SETTLEMENT**

**A.    The Injunctive Relief Addresses the Claims in the FAC**

The Settlement provides injunctive relief directly addressing the claims raised in the FAC: it requires cessation of the core Japanese Origin Representation from the labels of Products not made there. Ex. A § 3.1. To avoid unnecessary waste and expense, the Settlement does not mandate changes to labels on Products manufactured and packaged before the Settlement Effective Date. *Id.* While the Settlement does not prohibit other changes to the Products' labels, advertisements, or marketing, any changes must comply with the provisions of the Settlement. *Id.* § 3.3. Overall, the

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

injunctive relief obtained is well-tailored to the claims in the FAC and represents an important victory for the Class and consumers at large.

### B.    The Court-Approved Settlement Class Definition

The Settlement defines the "Class" in the same manner specified in Plaintiff's Notice of Motion for Class Certification: "All persons who, during the Class Period, purchased one or more of the Products in California for purposes other than resale at a retail location or online," with the following exceptions: "(i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer." *Compare* Ex. A §§ 2.10, 2.11, 2.18 *with* MCC Notice at 2, ECF No. 55. The Court adopted this definition in its Order Granting Motion to Certify Class. *See* MCC Order at 24, ECF No. 88 (defining the class as "[a]ll persons who, during the Class Period, purchased one or more of the Products in California for purposes other than resale at a retail location or online").

Importantly, where, as here, the Court has previously certified a class under Rule 23, the Court need not analyze whether the requirements for certification have been met and may focus instead on whether the proposed Settlement is fair, adequate, and reasonable. *See Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 974 (E.D. Cal. 2012); *Harris v. Vector Mktg. Corp.*, 2012 WL 381202, at *3 (N.D. Cal. Feb. 6, 2012) ("As a preliminary matter, the Court notes that it previously certified . . . a Rule 23(b)(3) class . . . [and thus] need not analyze whether the requirements for certification have been met and may focus instead on whether the proposed settlement is fair, adequate, and reasonable."); *Rossi v. Whirlpool Corp.*, 2016 WL 3519306 (E.D. Cal. June 28, 2016) (same). As detailed in Section V below, the Settlement is fair, reasonable, and adequate.

### C.    The Class Release Is Narrowly Limited to the Injunctive Relief Claims

The Settlement resolves and releases Defendant and affiliated entities from liability for the Injunctive Relief Claims. Ex. A § 5.1. However, the release does not prevent the Class from pursuing claims for monetary relief related to past, present, or future purchases of the Products. *See Id.*

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

In addition to the Class release, a separate, individual release exists between Plaintiff and Defendant in the Settlement. *Id.* § 6.1. Under this provision, Plaintiff and Defendant release each other and their related parties from all claims that directly relate to or arise from the Action, the Claims, the Individual Claims, or Plaintiff's purchase or use of any Products prior to the Settlement Effective Date. *Id.* This individual release by Plaintiff does not extend to the Class. *Id.*

### D.    The Service Award Recognizes Plaintiff's Significant Contribution

The Settlement provides that Class Counsel will request a Service Award of $5,000 to be paid to Plaintiff for his efforts in litigating this Action, regularly communicating with Class Counsel, producing documents in discovery, having his deposition taken, and cooperating with Class Counsel throughout the multi-year litigation. *Id.* § 4.2; Sodaify Decl. ¶ 13.

### E.    Reasonable Attorneys' Fees and Costs Reflect Extensive Efforts and Results Achieved

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Settlement provides that Plaintiff may request up to $645,000 for attorneys' fees and costs for Court approval. *See* Ex. A § 4.3; Sodaify Decl. ¶ 14. The Parties have no other agreement regarding attorneys' fees or costs. *Id.* This Action involved significant risk, extensive litigation, and years of work by Class Counsel, who prosecuted the case on a fully contingent basis, advanced substantial time and resources, and faced a real possibility of no recovery. Sodaify Decl. ¶ 14. The requested fee award is reasonable in light of the complexity of the case, the risks assumed, and the meaningful injunctive relief obtained for the Class. After the Settlement is preliminarily approved, Plaintiff will file a motion for final approval of the Settlement and an application for attorneys' fees and costs, and service award. *Id.*

### IV.    NOTICE TO THE CLASS IS NOT REQUIRED BECAUSE THE SETTLEMENT IS FOR INJUNCTIVE RELIEF ONLY

Federal courts within California have held that "[w]hen a class is certified under Rule 23(b)(2) and only provides for injunctive relief, no notice of class certification is required." *Grant v. Cap. Mgmt. Servs., L.P.*, 2013 WL 6499698, at *6 (S.D. Cal. Dec. 11, 2013) (citing to *Kim v.*

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Space Pencil, Inc.*, 2012 WL 5948951, at \*4 (N.D. Cal. Nov. 28, 2012)); *Kline v. Dymatize Enters., LLC*, 2016 WL 6026330, at \*6 (S.D. Cal. Oct. 13, 2016) (same); *also see Moore v. GlaxoSmithKline Consumer Healthcare Holdings US LLC & Pfizer, Inc.*, 2024 WL 4868182, at \*4 (N.D. Cal. October 3, 2024) (holding that class notice is not required where the settlement provides only injunctive relief and does not release the monetary claims of the class). Although Rule 23(c)(2) provides that "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court *may* direct appropriate notice to the class," courts "typically require less notice in Rule 23(b)(2) actions, as their outcomes do not truly bind class members" who also lack the right to opt out. *Lilly v. Jamba Juice Co.*, 2015 WL 1248027, at \*8–9 (N.D. Cal. Mar. 18, 2015) (holding that because an injunctive relief settlement class lacks the legal right to opt out, class notice is unnecessary where, as here, the settlement does not release monetary claims); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558 (2011) (Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."); *but see Hart v. Colvin*, 2017 WL 9288252, at \*2 (N.D. Cal. Apr. 17, 2017) (requiring notice by publication in an injunctive-only settlement because class members needed to take action to reopen their disability claims, which were affected by flawed consultative examinations, but declining to direct individual notice because there is no right to opt-out of injunctive relief only).

Courts across the country likewise hold that no notice is required for an injunctive-relief-only class that does not release monetary claims of class members. *See, e.g.*, *Jermyn v. Best Buy Stores*, 2012 WL 2505644, at \*12 (S.D.N.Y. June 27, 2012) ("Because this injunctive settlement specifically preserves and does not release the class members' monetary claims, notice to the class members is not required."); *Green v. Am. Express Co.*, 200 F.R.D. 211, 212–13 (S.D.N.Y. 2001) (no notice is required under several circumstances, such as "when the settlement provides for only injunctive relief, and therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class"); *Penland v. Warren Cnty. Jail*, 797 F.2d 332, 334 (6th Cir. 1986) ("[T]his court has specifically held that notice to class members is not required in all F.R.C.P. 23(b)(2) class actions") (citations omitted); *DL v. District of Columbia*, 2013 WL 6913117, at \*11 (D.D.C. Nov. 8, 2013) ("[T]he district courts within these circuits that have directly considered the issue have

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

applied the requirement 'more flexibly in situations where individual notice to class members is not required, such as suits for equitable relief'"); *Linquist v. Bowen*, 633 F. Supp. 846, 862 (W.D. Mo. Jan 31, 1986) ("When a class is certified pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, notice to the class members is not required.") (citations omitted); *Mamula v. Satralloy, Inc.*, 578 F. Supp. 563, 572 (S.D. Ohio Sept. 7, 1983) ("This Court has certified this action as a class action under Rule 23(b)(2), and, as such, notice to class members is not required under Rule 23(c)(2).").

This Court may follow the same approach here because the Settlement provides injunctive relief while fully preserving Class members' rights to pursue monetary claims. *See* Ex. A §§ 3.1, 5.1. In exercising its discretion, the Court should also consider whether "the cost of notice would risk eviscerating the settlement agreement." *Green*, 200 F.R.D. at 212 ("[C]ourts have recognized that when notice to class members would not serve the purpose of ensuring that the settlement is fair and would, in fact jeopardize the settlement, that the court may opt to forego notice."). Here, the parties agree notice is unnecessary under the law, would be cost-prohibitive, and could lead to the unraveling of the carefully negotiated Settlement and deprive the Class of the benefits it provides. *See* Ex. A § 8.1. Because the Class would have no right to opt out of the injunctive relief, and their monetary claims are preserved, the Court therefore need not direct notice here. *See Lilly*, 2015 WL 1248027, at *9.[2]

//

//

//

//

---

[2] Although notice to the Class is not required, the Class Action Fairness Act ("CAFA") requires that notice be given to state and federal authorities. 28 U.S.C. § 1715. CAFA provides that "no later than ten days after a proposed settlement of a class is filed in court, each defendant shall serve upon the appropriate state official of each state in which a class member resides a notice of the proposed settlement and specified supporting documentation." *Id.* § 1715(b). Pursuant to the Settlement, Defendant will notify the appropriate state and federal officials of the proposed Settlement Agreement in accordance with 28 U.S.C. § 1715 within ten days after the filing of this motion for approval. Ex. A § 7.2.

## V. THE PRELIMINARY APPROVAL STANDARD IS SATISFIED BECAUSE INJUNCTIVE RELIEF DEMONSTRATES THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

Public policy strongly favors settlement as a method to resolve litigation. *See Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989). This is especially true in complex class actions like this one, where "substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation." *Fontes v. Heritage Operating, L.P.*, 2016 WL 1465158, at *3 (S.D. Cal. Apr. 14, 2016) (citation omitted); *see also In re Synoc ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (Public policy "strong[ly] . . . favors settlements, particularly where complex class action litigation is concerned."); *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[O]verriding public interest in settling and quieting litigation" is "particularly true in class action suits." (internal quotations omitted)).

However, a certified class action may not be dismissed, compromised or settled without court approval. Fed. R. Civ. P. 23(e). The purpose of a court's preliminary evaluation of the settlement is to determine whether it is within the "range of reasonableness" to make it appropriate to proceed with further review. *See* 4 Newberg on Class Actions §§ 11.25, 13.64 (4th ed. 2002 & Supp. 2004). At this stage, a court need not conduct an in-depth analysis but must instead make a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms. *See* Manual for Complex Litigation § 21.632 (4th ed. 2004).

Courts within this District have granted preliminary approval where the proposed settlement: "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) does not grant improper preferential treatment to class representatives or other segments of the class; (3) falls within the range of possible approval; and (4) has no obvious deficiencies." *McDonald v. CP OpCo, LLC*, 2019 WL 343470, at *5 (N.D. Cal. Jan. 28, 2019) (citing *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)); *Gatchalian v. Atl. Recovery Sols., LLC*, 2023 WL 8007107, at *7 (N.D. Cal. Nov. 16, 2023). The Settlement satisfies these requirements.

//

//

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

### A.    The Settlement Resulted from Serious, Informed, Non-Collusive Arm's Length Negotiations

Courts evaluate whether Class Counsel had sufficient information to make an informed decision about the merits of the case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). This Action consisted of a lengthy litigation period spanning nearly three years, which included depositions of Plaintiff and Defendant's Rule 30(b)(6) designees, production and review of thousands of documents, exchange of expert reports, and extensive briefing on motions seeking dismissal and class certification. Sodaify Decl. ¶¶ 5–7. Class Counsel have therefore had a meaningful opportunity to consider the Court's various rulings, take extensive discovery, and gauge the feasibility and benefits of settlement versus continued litigation. *Id*. ¶¶ 9, 11; s*ee In re Wireless Facilities, Inc.*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair."); *White v. Experian Info. Sols., Inc*., 2009 WL 10670553, at *13 (C.D. Cal. May 7, 2009) (same). Furthermore, the Settlement was reached only after the parties participated in multiple mediations and arms-length negotiations over the course of months, including informal settlement discussions throughout nearly three years of litigation. Sodaify Decl. ¶¶ 8–9; *see Kline*, 2016 WL 6026330, at *5 ("That the settlement was reached with the assistance of an experienced mediator further suggest that the settlement is fair and reasonable.") (citation omitted).

As a result of the parties' sustained efforts, the Court's rulings, and the guidance provided by the mediator, the factual and legal issues underlying the claims have been thoroughly investigated and are well understood. This process afforded Class Counsel a meaningful and informed opportunity to evaluate the strengths and weaknesses of both the claims and Defendant's defenses, drawing in part on Class Counsel's substantial experience litigating geographic-origin mislabeling cases. *See Sinatro v. Barilla Am., Inc.*, 2024 WL 2750018, at *12 (N.D. Cal. May 28, 2024) (granting class certification and appointing Clarkson Law Firm as class counsel in a case challenging allegedly misleading Italian-origin representations on pasta products); *see also Broomfield v. Craft Brew All., Inc.*, 2018 WL 4952519, at *21 (N.D. Cal. Sept. 25, 2018) (granting class certification

MOTION FOR PRELIMINARY APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

and appointing Joshua Nassir, currently managing partner of Treehouse Law, LLP, as class counsel in a case challenging allegedly misleading Hawaiian-origin representation on alcohol products).

Given the injunctive relief secured, the Settlement provides relief that directly addresses the claims asserted on behalf of the Class. The parties worked closely with Hon. Robert Baines, a retired judge and experienced and well-respected mediator, who ultimately assisted the parties in reaching a fair and reasonable resolution. Sodaify Decl. ¶ 8; *see In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) ("[The] presence of a neutral mediator [is] a factor weighing in favor of a finding of non-collusiveness."). Where, as here, a settlement is negotiated at arms-length by experienced counsel, there is a presumption that it is fair and reasonable. *See In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). This factor therefore weighs in favor of approving the Settlement.

### B.    The Settlement Does Not Provide Preferential Treatment

The Settlement does not provide for monetary relief to class members, and so it lacks the potential for preferential treatment in this regard. Instead, the Settlement mandates label changes that will benefit all Class members the same. *See Hart v. Colvin*, 2016 WL 6611002, at *9 (N.D. Cal. Nov. 9, 2016) ("When . . . the settlement provides for only injunctive relief . . . there is no potential for the named plaintiffs to benefit at the expense of the rest of the class") (quotation and citation omitted).

Although Plaintiff intends to request a service award of $5,000 for his role as Class Representative, the "Ninth Circuit has recognized that service awards to named plaintiffs in a class action are permissible and do not render a settlement unfair or unreasonable." *Harris v. Vector Mktg. Corp.*, 2011 WL 1627973, at *9 (N.D. Cal. Apr. 29, 2011) (citing *Stanton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003)). While the service award for Plaintiff may be "more valuable than the . . . injunctive relief received by the unnamed class members," "[i]ncentive payments to class representatives do not, by themselves, create an impermissible conflict between class members and their representatives." *Campbell v. Facebook Inc.*, 2017 WL 3581179, at *4 (N.D. Cal. Aug. 18, 2017), *aff'd*, 951 F.3d 1106 (9th Cir. 2020) (quoting *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015)).

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

As discussed above, Plaintiff sat for deposition, cooperated with Class Counsel throughout the litigation, responded to extensive discovery, and was in constant contact with Class Counsel. Sodaify Decl. ¶ 13. The injunctive relief secured for the Class reflects years of his efforts, and the requested service award, if approved, is commensurate with those efforts. *Id*.; *see Rivera v. Agreserves, Inc*, 2016 WL 5395900, at *8 (E.D. Cal. Sept. 26, 2016) (affirming $7,500 award where plaintiff "spent a substantial amount of time assisting counsel and participating in the litigation" including sitting for deposition and being present at mediation); *Bruno v. Quten Rsch. Inst., LLC*, 2013 WL 990495, at *3 (C.D. Cal. Mar. 13, 2013) (affirming $8,000 award where plaintiff "submitted to depositions, investigations, and an involved litigation schedule"). The absence of any preferential treatment further supports granting preliminary approval of the Settlement.

## C.    The Settlement Falls Within the Range of Possible Approval

"To determine whether a settlement 'falls within the range of possible approval,' a court must focus on 'substantive fairness and adequacy,' and 'consider plaintiffs' expected recovery balanced against the value of the settlement offer.'" *Villegas v. J.P. Morgan Chase & Co.*, 2012 WL 5878390, at *7 (N.D. Cal. Nov. 21, 2012) (citing *In re Tableware*, 484 F. Supp. 2d at 1080). Courts evaluate whether the relief obtained is reasonable given the claims asserted and the relief realistically available at trial. *See Horton v. Superior Court*, 194 Cal. App. 3d 727, 735–36 (1987) (noting that courts evaluate whether a settlement amount is reasonable by considering the approximate value of a plaintiffs claims in light of the defendant's available defenses and financial resources).

Here, the Settlement provides the exact relief the Court has determined is appropriate on a classwide basis. In certifying a Rule 23(b) (2) class, the Court held that injunctive relief is suitable for the class as a whole and denied certification of a Rule 23(b) (3) damages class. ECF No. 88 at 24. The Settlement therefore delivers the full measure of relief the certified class could obtain through continued litigation. The injunctive relief directly addresses the core allegation in the case: that Defendant deceptively advertised and labeled the Products with the Japanese Origin Representation despite being made in California. The Settlement eliminates the challenged practice and prevents Defendant from engaging in similar conduct in the future, while preserving the Class's

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

right to seek monetary legal recourse. Courts approve injunctive-relief only settlements where the relief "stops the allegedly unlawful practices, bars Defendant from similar practices in the future, and does not prevent class members from seeking [monetary] legal recourse." *See Grant v. Capital Management Servs., L.P.*, 2014 WL 888665, at *4 (S.D. Cal. Mar. 5, 2014). That is precisely the structure here.

Moreover, the Settlement was reached after years of litigation, extensive discovery, expert analysis, and arms-length negotiations overseen by Judge Baines. Sodaify Decl. ¶¶ 4–9. Courts recognize that settlements reached after substantial litigation and arms-length negotiations are strong candidates for approval. *See Dennis v. Kellogg Co.*, 2013 WL 1883071, at *5 (S.D. Cal. May 3, 2013) ("[P]roposed settlement appears to fall within the range of possible approval" where "it appears to be the product of arms-length negotiations by experienced counsel, was reached after considerable litigation and discovery into the asserted claims, and provides . . . relief"). The relief here is similarly well-informed and directly responsive to the alleged deception.

Although Plaintiff initially sought damages, the Court's predominance ruling identified individual issues concerning exposure to the challenged representations, particularly for online purchasers, and found a mismatch between Plaintiff's proposed damages model and theory of liability. ECF No. 88 at 10–21. Pursuing damages would therefore require substantial additional expert work, renewed certification briefing, and likely interlocutory appeals, with unclear prospect of success. Even if Plaintiff attempted to re-litigate damages certification, the potential recovery would be modest. Based on confidential sales data, Plaintiff estimates roughly ███████ in California sales during the Class Period. Sodaify Decl. ¶ 10. Price premium analysis in analogous origin cases typically fall between 9.9% and 12.7%. *See Sinatro v. Barilla Am., Inc.*, No. 4:22-cv-03460-DMR (N.D. Cal. Oct. 9, 2025) (Dkt. No. 154-6) (plaintiffs' expert calculated that the challenged "ITALY'S #1 BRAND OF PASTA" origin claim constituted a 9.9% price premium); *Banks v. R.C. Bigelow, Inc.*, 2:20-cv-06208-DDP-RAO (C.D. Cal. June 17, 2022) (Dkt. No. 39-56) (plaintiffs' expert calculated a 11.07% price premium attributable to the challenged "Manufactured in the USA 100% American Family Owned" claim); *Broomfield v. Craft Brew All., Inc.*, 2020 WL 1972505, at *9 (N.D. Cal. Feb. 5, 2020), (granting a motion for final approval in a case challenging

MOTION FOR PRELIMINARY APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT

Hawaiian origin claims where the monetary relief represented a 12.7% price premium). Applying those benchmarks yields total potential damages between approximately ███████████████ after trial, amounts likely to be eclipsed by potential notice and distribution costs, as well as the additional expert, discovery, and trial expenses required to pursue such recovery.

The risks of continued litigation further underscore the reasonableness of the Settlement. Damages classes in false advertising cases are frequently decertified when plaintiffs cannot establish a reliable damages model. *See Oula Zakaria v. Gerber Prods. Co.*, 2017 WL 9512587, at *22 (C.D. Cal. Aug. 9, 2017) (decertifying class after finding plaintiff failed to provide an adequate basis to calculate restitution and actual damages), *aff'd* 2018 WL 5977897 (9th Cir. Nov. 14, 2018); *Weigele v. Fedex Ground Package Sys.*, 267 F.R.D. 614, 625 (S.D. Cal. Apr. 5, 2010) (decertifying class after concluding predominance was lacking). Liability here would also turn on a jury's assessment of whether reasonable consumers were misled, a fact-intensive inquiry depending on competing expert testimony and inherently unpredictable. *See Lilly v. Jamba Juice Co.*, 2015 WL 2062858, at *7 (N.D. Cal. May 4, 2015) (approving a settlement providing solely injunctive relief where only Rule 23(b)(2) class was certified). Continuing through summary judgment, trial, and potential appeals would therefore require substantial additional resources with no guarantee of success.

Courts have approved similar settlements where injunctive relief provides direct, meaningful benefits by curbing allegedly unlawful practices. *See, e.g., In re Ferrero Litig.*, 2012 WL 2802051, at *4 (S.D. Cal. July 9, 2012), *aff'd*, 583 F. App'x 665 (9th Cir. 2014) ("Defendant agreed to modify the product label to address the fundamental claim raised in Plaintiffs' complaint . . . The Court concludes that the proposed settlement provides an appropriate remedy to class members. It both takes into account the strength of Defendant's defenses and obstacles to class-wide recovery, while also addressing the concerns in Plaintiff's complaint"); *see also Carr v. Tadin, Inc.*, 2014 WL 7497152, at *7 (S.D. Cal. Apr. 18, 2014), *amended in part*, 2014 WL 7499453 (S.D. Cal. May 2, 2014) (granting approval of settlement with no monetary relief, but where "the injunctive relief offered will provide the Settlement Class with the relief they most desire—a change in product labeling"); *Johnson v. Triple Leaf Tea Inc.*, 2015 WL 8943150, at *5 (N.D. Cal. Nov. 16, 2015) (granting final approval, noting "[t]he Settlement affords meaningful injunctive relief" where "the

Case No. 3:23-cv-00572-TSH                    13
MOTION FOR PRELIMINARY APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT

labeling of the Products shall be substantially revised"). The Settlement here provides the same type of direct, label-correcting relief that courts find appropriate. *Id.*

Finally, the Settlement's narrow release reinforces its reasonableness. Class members retain all claims for monetary relief arising from past or future purchases. Ex. A § 5.1. This safeguard is a hallmark of fair injunctive-relief only settlements and ensures that class members are not giving up any rights more than necessary in exchange for the forward-looking relief. *Moore*, 2024 WL 4868182, at *4 ("Courts have approved similar settlements providing solely injunctive relief in consumer class actions, particularly where such relief offers direct benefits in curbing allegedly unlawful practices.") (collecting cases). Because the Settlement provides the full relief available to the certified class, avoids the substantial risks and costs of pursuing uncertain damages, and preserves class members' ability to seek monetary relief, it falls squarely within the range of possible approval. *See Villegas*, 2012 WL 5878390, at *7 ("To determine whether a settlement 'falls within the range of possible approval,' a court must focus on 'substantive fairness and adequacy,' and 'consider plaintiffs' expected recovery balanced against the value of the settlement offer.'") (citation omitted); *Moore*, 2024 WL 4868182, at *4; *see also Nat'l Rural Telecomms. Coop. v. DIREC-TV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation. In this respect, 'It has been held proper to take the bird in hand instead of a prospective flock in the bush'") (citation omitted).

### D.    The Settlement Has No Deficiencies

A court is likely to find a settlement agreement free from obvious deficiencies when it provides immediate injunctive relief while at the same time mitigates the potential uncertainties in continuing litigation. *See Stathakos v. Columbia Sportswear Co.*, 2018 WL 582564, at *5 (N.D. Cal. Jan. 25, 2018) (approving settlement where "continued litigation could not result in any greater injunctive relief to the class and would only deprive the class of immediate relief"); *In re Tableware*, 484 F. Supp. 2d at 1080 ("Based on th[e] risk and the anticipated expense and complexity of further litigation, the court cannot say that the proposed settlement is obviously deficient . . . .").

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Here, the injunctive relief provided for in the Settlement reflects a favorable resolution. Under the Settlement terms, Defendant will cease using the Japanese Origin Representation on its Products' labels. Ex. A § 3.1. This relief is consistent with the purpose of the certified Rule 23(b)(2) class, and the changes to the Products' labeling and marketing practices directly address Plaintiff's allegations that the Japanese Origin Representation was misleading to consumers. Because the injunctive relief fully addresses these core claims, the Settlement is fair, reasonable, and adequate, and strongly supports preliminary approval. *See Lilly*, 2015 WL 2062858, at *7 (approving a settlement providing solely injunctive relief where only Rule 23(b)(2) class was certified); *Goldkorn v. Cnty of San Bernardino*, 2012 WL 476279, at *6–7 (C.D. Cal. Feb. 13, 2012) (approving settlement providing solely injunctive relief, attorneys' fees, costs, and damages to named plaintiffs); *Kim*, 2012 WL 5948951, at *10 (same). Crucially, the release is limited to the injunctive relief specified in the Settlement and specifically carves out any other injunctive relief not contemplated in the Settlement and any request for monetary relief. Ex. A § 5.1. The Settlement therefore has no "obvious substantive defects such as . . . overly broad releases of liability." Newberg on Class Actions § 13:15 (5th ed. 2014). The absence of any deficiencies supports preliminary approval.

## VI.    CONCLUSION

For the reasons set forth in this motion, Plaintiff respectfully requests the Court preliminarily approve the Settlement and waive any notice to the Class. Plaintiff further requests the Court schedule a final approval hearing to determine whether the Court should grant final approval of the Settlement and to determine the appropriateness of Class Counsel's fees and costs, and service award to Plaintiff. Plaintiff will file a motion for final approval of the Settlement and an application for attorneys' fees and costs, and service award no later than 30 days before the final approval hearing.

//

//

//

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Dated: January 30, 2026

CLARKSON LAW FIRM, P.C.

By: */s/ Bahar Sodaify*
     Ryan J. Clarkson
     Bahar Sodaify

**TREEHOUSE LAW, LLP**

By: */s/ Joshua Nassir*
     Benjamin Heikali
     Joshua Nassir
     Ruhandy Glezakos
     Katherine Phillips

*Class Counsel for Plaintiff and the Certified Class*