**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, California 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

**TREEHOUSE LAW, LLP**
Benjamin Heikali (SBN 307466)
*bheikali@treehouselaw.com*
Joshua Nassir (SBN 318344)
*jnassir@treehouselaw.com*
Ruhandy Glezakos (SBN 307473)
*rglezakos@treehouselaw.com*
Katherine Phillips (SBN 353048)
*kphillips@treehouselaw.com*
3130 Wilshire Blvd., Ste. 555
Santa Monica, CA 90403
Telephone: (310) 751-5948

*Attorneys for Plaintiff and the Settlement Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLBY TUNICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAKARA SAKE USA INC.,<br><br>Defendant. | Case No.: 3:23-cv-00572-TSH<br>Compl. Filed: February 8, 2023<br>FAC Filed: April 26, 2023<br><br>*Assigned to Hon. Thomas S. Hixson, United States Magistrate Judge*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Information:<br>Date: June 11, 2026<br>Time: 10:00 a.m.<br>Courtroom: E – 15th Fl |

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

<u>**NOTICE OF MOTION AND MOTION**</u>

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 11, 2026, at 10:00 a.m., in Courtroom E of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, the Honorable Thomas S. Hixson presiding, Plaintiff Colby Tunick, on behalf of himself, the general public, and all others similarly situated, by and through his counsel Ryan J. Clarkson and Bahar Sodaify of Clarkson Law Firm, P.C., and Benjamin Heikali Joshua Nassir, Ruhandy Glezakos, and Katherine Phillips of Treehouse Law, LLP, shall and hereby do move the Court, pursuant to Rules 23(h) and 54(d) of the Federal Rules of Civil Procedure, for an order awarding a total of $650,000 in Class Counsel fees, costs, and service award as follows:

(A) awarding Class Counsel fees and costs in the amount of $645,000;

(B) granting Service Award to Court-appointed Class Representative, Colby Tunick, in the amount of $5,000.

The Motion is based on this notice of motion; the concurrently-filed memorandum of points and authorities; the concurrently-filed declarations of Class Counsel Bahar Sodaify and Joshua Nassir, and all exhibits thereto; the concurrently filed declaration of Plaintiff Colby Tunick; the parties' Settlement preliminarily approved on February 27, 2026 (ECF No. 100); all prior pleadings, orders, and proceedings; and any additional evidence and argument submitted in support.

A Proposed Order Awarding Attorneys' Fees and Costs and Service Award is submitted concurrently herewith.

Dated: March 19, 2026

**CLARKSON LAW FIRM, P.C.**
By: */s/ Bahar Sodaify*
Ryan J. Clarkson
Bahar Sodaify

**TREEHOUSE LAW, LLP**
By: */s/ Joshua Nassir*
Benjamin Heikali
Joshua Nassir
Ruhandy Glezakos
Katherine Phillips

*Attorneys for Plaintiff and the Settlement Class*

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

**TABLE OF CONTENTS**

**Page No.**

I.    INTRODUCTION .................................................................................................. 1

II.   BRIEF PROCEDURAL OVERVIEW ................................................................... 2

III.  PLAINTIFF IS THE PREVAILING PARTY AND IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS .................................................................... 3

IV.  THE REQUESTED FEE IS REASONABLE UNDER LODESTAR PRINCIPLES ............ 4

    A.    Class Counsel Spent a Reasonable Number of Hours on this Litigation ..................... 4

    B.    Class Counsel Worked at Reasonable Hourly Rates ......................................... 5

    C.    The Requested Fee Is Particularly Reasonable in Light of the Relevant Factors ....... 7

        i.    The Complexity and Novelty of the Issues Favor the Requested Award ............ 9

        ii.   The Skill, Diligence, and Quality of Counsel's Work Support the Requested Award ........................................................................................ 9

        iii.  The Contingent Nature of the Representation Weighs in Favor of the Requested Fee ............................................................................................ 10

V.   COUNSEL'S EXPENSES ARE REASONABLE AND NECESSARILY INCURRED ..... 11

VI.  THE REQUESTED SERVICE AWARD FOR PLAINTIFF IS REASONABLE ................ 12

VII. CONCLUSION .................................................................................................. 13

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page No.**

*Arnold v. DMG Mori USA, Inc.*,
   2022 WL 18027883 (N.D. Cal. Dec. 30, 2022) ............................................................................. 7

*Barbosa v. Cargill Meat Solutions Corp.*,
   297 F.R.D. 431 (E.D. Cal. 2013).............................................................................................. 10

*Blum v. Stenson*,
   465 U.S. 886 (1984)................................................................................................................... 8

*Camacho v. Bridgeport Fin., Inc.*,
   523 F.3d 973 (9th Cir. 2008).................................................................................................... 6

*Campbell v. Facebook, Inc.*,
   2017 WL 3581179 (N.D. Cal. Aug. 18, 2017).................................................................... 9, 13

*Chaudhry v. City of Los Angeles*,
   751 F.3d 1096 (9th Cir. 2014).................................................................................................. 5

*Fischel v. Equitable Life Assur. Soc'y*,
   307 F.3d 997 (9th Cir. 2002).................................................................................................... 4

*Fleming v. Impax Lab'ys Inc.*,
   2022 WL 2789496 (N.D. Cal. July 15, 2022) ......................................................................... 7

*Franco v. Ruiz Food Prods.*,
   2012 WL 5941801 (E.D. Cal. Nov. 27, 2012) ...................................................................... 10

*G.F. v. Contra Costa Cty.*,
   2015 WL 7571789 (N.D. Cal. Nov. 25, 2015)..................................................................... 3, 6

*Glass v. UBS Fin. Servs., Inc.*,
   2007 WL 221862 (N.D. Cal. Jan. 26, 2007),
   *aff'd*, 331 F. App'x 452 (9th Cir. 2009)............................................................................... 13

*Graciano v. Robinson Ford Sales*,
   144 Cal. App. 4th 140 (2006)................................................................................................... 3

*Grant v. Capital Mgmt. Servs., L.P.*,
   2014 WL 888665 (S.D. Cal. Mar. 5, 2014).............................................................................. 3

*Guttman v. Ole Mexican Foods, Inc.*,
   2016 WL 9107426 (N.D. Cal. Aug. 1, 2016)........................................................................... 9

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998).................................................................................................. 4

*Harbour v. Cal. Health & Wellness Plan*,
   2024 WL 171192 (N.D. Cal. Jan. 16, 2024)............................................................................ 6

*Harris v. Marhoefer*,
   24 F.3d 16 (9th Cir. 1994) ...................................................................................................... 11

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Harris v. Vector Marketing Corp.*,
   2012 WL 381202 (N.D. Cal. Feb. 6, 2012) ................................................................................. 13

*Hartles v. Clorox Co.*,
   273 F.R.D. 630 (S.D. Cal. 2011) ................................................................................................. 5

*Hefler v. Wells Fargo & Co.*,
   2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) ........................................................................... 6

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) .................................................................................................................... 7

*Hezi v. Celsius Holdings, Inc.*,
   2023 WL 2786820 (S.D.N.Y. Apr. 5, 2023) ............................................................................. 7

*Hopkins v. Stryker Sales Corp.*,
   2013 WL 496358 (N.D. Cal. Feb. 6, 2013) ............................................................................. 11

*In re Bluetooth Headset Prods. Liab. Litig*,
   654 F.3d 935 (9th Cir. 2011) ..................................................................................................... 4

*In re Heritage Bond Litig.*,
   2005 WL 1594403 (C.D. Cal. June 10, 2005) ......................................................................... 10

*In re Portal Software, Inc. Sec. Litig.*,
   2007 WL 4171201 (N.D. Cal. 2007) .......................................................................................... 8

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1994) ................................................................................................... 11

*In re Yahoo Email Litig.*,
   2016 WL 4474612 (N.D. Cal. Aug. 25, 2016) ................................................................. 8, 11, 13

*Kandel v. Dr. Dennis Gross Skincare, LLC*,
   No. 1:23-cv-01967-ER, ECF No. 92 (S.D.N.Y. Oct. 31, 2024) .............................................. 7

*Kerr v. Screen Extras Guild, Inc.*,
   526 F.2d 67 (9th Cir. 1975) .................................................................................................... 4, 8

*Kelly v. Wengler*,
   822 F.3d 1085 (9th Cir. 2016) ................................................................................................. 5, 9

*Kim v. Euromotors West/The Auto Gallery*,
   149 Cal. App. 4th 170 (2007) .................................................................................................... 3

*Kim v. Space Pencil, Inc.*,
   2012 WL 5948951 (N.D. Cal. Nov. 28, 2012) .......................................................................... 9

*Koeppen v. Carvana, LLC*,
   2024 WL 3925703 (N.D. Cal. Aug. 22, 2024) .......................................................................... 6

*Lilly v. Jamba Juice Co.*,
   2015 WL 2062858 (N.D. Cal. May 4, 2015) ............................................................................. 4

*Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*,
   No. 4:20-cv-09077-JSW, ECF. No. 150 (N.D. Cal. Dec. 9, 2024) ............................................ 6

Case No. 3:23-cv-00572-TSH                              iii

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

*Morales v. City of San Rafael*,
   96 F.3d 359 (9th Cir. 1996)............................................................................................ 4, 7

*Perez v. First Tech. Fed. Credit Union*,
   2025 WL 277403 (N.D. Cal. Jan. 23, 2025)......................................................................... 6

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009)............................................................................................. 12

*Rollins v. Dignity Health*,
   2022 WL 20184568 (N.D. Cal. July 15, 2022) ..................................................................... 6

*Schiller v. David's Bridal, Inc.*,
   2012 WL 2117001 (E.D. Cal. June 11, 2012)........................................................................ 8

*Sciortino v. PepsiCo, Inc.*,
   2016 WL 3519179 (N.D. Cal. Jun. 28, 2016) ....................................................................... 3

*Staton v. Boeing*,
   327 F.3d 938 (9th Cir. 2003).............................................................................................. 11

*Stiner v. Brookdale Senior Living, Inc.*,
   2025 WL 2998163 (Oct. 24, 2025)........................................................................................ 3

*Tunick v. Takara Sake USA Inc.*,
   2026 WL 562109 (N.D. Cal. Feb. 27, 2026).......................................................................... 8

*Van Vranken v. Atl. Richfield Co.*,
   901 F. Supp. 294 (N.D. Cal. 1995) ................................................................................ 12, 13

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002)..................................................................................... 4, 8, 11

*Yeagley v. Wells Fargo & Co.*,
   365 F. App'x 886 (9th Cir. 2010)......................................................................................... 4

**California Codes**

Cal. Civil Code § 1780(e) ...................................................................................................... 3

**Federal Rules**

Fed. R. Civ. P. 23................................................................................................................ 2, 5, 10

**Other Authorities**

Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 14:03 (3d ed. 1992) .................. 8

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff Colby Tunick, through Class Counsel, respectfully moves the Court for an award of attorneys' fees and costs in the amount of $645,000 incurred in the successful prosecution and resolution of this complex class action against Defendant Takara Sake USA Inc., together with a service award of $5,000 (collectively, the "Fee, Costs, and Service Award").

Over nearly three years of hard-fought litigation, Class Counsel devoted substantial time, expertise, and financial resources to achieving a Settlement that provides meaningful injunctive relief to consumers nationwide. The Settlement addresses Plaintiff's central allegation that Defendant falsely conveyed that its sake products were of Japanese origin despite not being made in Japan by prominently displaying a gold front-label emblem stating "Licensed by TaKaRa Japan, Since 1851" (the "Japanese Origin Representation"). The Settlement directly remedies this alleged deception by requiring Defendant to cease use of the representation, is narrowly tailored to the allegations in the First Amended Complaint, and confers a concrete, forward-looking benefit on the Class and consumers nationwide.

The requested Fee, Costs, and Service Award is firmly supported by these results and consistent with awards approved in comparable cases within this District. The scope, complexity, and duration of the litigation further underscore the reasonableness of the request. This matter required extensive fact and expert discovery, the production and review of thousands of documents, full class certification briefing, and the preparation of multiple expert reports. Counsel prosecuted the case through each stage without any assurance of recovery.

The relief secured through the Settlement would not have been achieved absent Mr. Tunick's sustained efforts, personal commitment, and active involvement over nearly three years, together with Class Counsel's skilled and persistent advocacy at every stage of this litigation. Class Counsel invested and advanced hundreds of thousands of dollars in out-of-pocket expenses without any guarantee of recovery, including retaining and funding key experts essential to prosecuting the claims. After nearly three years of contested proceedings, the injunctive relief obtained squarely

Clarkson Law Firm, P.C.    |    22525 Pacific Coast Highway    |    Malibu, CA 90265

addresses the core allegations in the action and delivers meaningful, forward-looking protection to consumers nationwide.

For these reasons, and as set forth in greater detail below, the requested Fee, Costs, and Service Award is warranted under Rule 23(h). Plaintiff respectfully requests that the Court grant this motion in its entirety.

## II.    BRIEF PROCEDURAL OVERVIEW

Plaintiff filed this class action in February 2023 in the Northern District of California, alleging that Defendant's sake Products were falsely marketed through a misleading Japanese Origin Representation conveying that they were made in Japan. *See* generally ECF No. 18 (First Amended Complaint ("FAC")). The action was brought on behalf of a proposed class of consumers asserting claims under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumers Legal Remedies Act ("CLRA"), as well as claims for breach of express and implied warranty and unjust enrichment. *Id*., Prayer for Relief.

Over the course of nearly three years, Plaintiff and Class Counsel invested substantial time, effort, and resources to investigate the claims, conduct extensive discovery, oppose dispositive motions, brief class certification, and develop expert testimony. *See* Declaration of Bahar Sodaify ("Sodaify Decl.") ¶¶ 5, 13–24. The litigation was vigorously contested at every stage and included substantial fact and expert discovery, motion practice, and multiple mediation sessions, including before experienced mediator Hon. Robert A. Baines of JAMS. *Id*. Following arms-length negotiations overseen by Judge Baines, the parties ultimately reached a settlement providing meaningful injunctive relief. *Id*., Exhibit A (Settlement Agreement).

Pursuant to the Settlement Agreement and the Court's preliminary approval order, this Motion seeks a total Fee, Costs, and Service Award of $650,000, consisting of $645,000 in attorneys' fees and costs and a $5,000 service award to Plaintiff Tunick in recognition of his sustained commitment and contributions as Class Representative. Sodaify Decl. ¶¶ 11–12; Declaration of Colby Tunick ("Tunick Decl.") ¶¶ 7–9. As set forth herein and in the declarations of Class Counsel Bahar Sodaify, Joshua Nassir, and Plaintiff Colby Tunick, the requested award is

reasonable and justified in light of the results achieved, the complexity and duration of the litigation, the substantial risks assumed on a contingent basis, and prevailing standards in this District.

### III. PLAINTIFF IS THE PREVAILING PARTY AND IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS

Plaintiff brought claims against Defendant under California consumer protection laws, including under California's CLRA. The CLRA mandates an award of fees to the prevailing party under Civil Code § 1780(e), which provides: "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section." As a California Court of Appeal has explained, for a court in construing this provision, "a mandatory construction of the word 'shall' in section 1780(d) is consistent with the legislative purpose underlying the statute." *Kim v. Euromotors West/The Auto Gallery*, 149 Cal. App. 4th 170, 178 (2007).

Class Counsel secured cessation of the Japanese Origin Representation, which ensures that the Class is no longer exposed to this alleged misrepresentation when making purchasing decisions. Sodaify Decl., Ex. A § 3.1. By doing so, Plaintiff has succeeded in realizing a primary litigation objective, and thus Plaintiff is "prevailing party." *Graciano v. Robinson Ford Sales*, 144 Cal. App. 4th 140, 150–51 (2006). Therefore, a fee award to Class Counsel is mandatory under the CLRA. The Settlement provides that Class Counsel shall seek court approval of attorneys' fees and costs in an amount not to exceed $645,000. Sodaify Decl., Ex. A §§ 4.1–4.2. Similar fee and cost reimbursements have been granted final approval in injunctive relief only class action settlements. *See, e.g.*, *Grant v. Capital Mgmt. Servs., L.P.*, 2014 WL 888665, at *7 (S.D. Cal. Mar. 5, 2014) (granting final approval in an injunctive relief only class action settlement where class counsel requested $475,000 in attorneys' fees and costs); *Sciortino v. PepsiCo, Inc.*, 2016 WL 3519179, at *7 (N.D. Cal. Jun. 28, 2016) (granting preliminary settlement approval in an injunctive relief only class action settlement where requested fees and costs were $500,000); *Stiner v. Brookdale Senior Living, Inc.*, 2025 WL 2998163, at *2–3, 8 (Oct. 24, 2025) (granting final approval for $14,500,000 in attorneys' fees and costs where the settlement agreement provided solely injunctive relief for the class); *G.F. v. Contra Costa Cty.*, 2015 WL 7571789, at *9, *16 (N.D. Cal. Nov. 25, 2015) (granting

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

final approval for $2,505,000 in attorneys' fees and costs when the class-wide relief proposed in the settlement was wholly injunctive).

## IV.     THE REQUESTED FEE IS REASONABLE UNDER LODESTAR PRINCIPLES

In the Ninth Circuit, a court may award attorney's fees based on the "lodestar" method where there is no formal common fund, taking into account the factors discussed below. *Fischel v. Equitable Life Assur. Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002); *Yeagley v. Wells Fargo & Co.*, 365 F. App'x 886, 887 (9th Cir. 2010) (holding that the lodestar method ought to have been used to calculate attorneys' fees where injunctive relief was sought and no common fund was created); *Lilly v. Jamba Juice Co.*, 2015 WL 2062858, at *5 (N.D. Cal. May 4, 2015).

The lodestar figure is calculated by multiplying the hours reasonably spent on the case by appropriate hourly rates based on the locale and attorney's experience. *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). A multiplier may be used to adjust the resulting lodestar figure upward or downward to account for factors including, but not limited to: (i) the quality of the representation; (ii) the benefit obtained for the class; (iii) the complexity and novelty of the issues presented; and (iv) the risk of nonpayment. *Hanlon*, 150 F.3d at 1029 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Courts typically apply a multiplier or enhancement to the lodestar to account for the substantial risk that plaintiffs' counsel undertook by accepting a case where no payment would be received if the lawsuit did not succeed. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002). Thus, a fee that approximates lodestar is considered presumptively reasonable. *See Morales v. City of San Rafael*, 96 F.3d 359, 363-64, n.8 (9th Cir. 1996) ("There is a strong presumption that the lodestar figure represents a reasonable fee.").

### A.     Class Counsel Spent a Reasonable Number of Hours on this Litigation

Class Counsel's declarations detail the substantial work performed over the course of nearly three years of litigation. *See* Sodaify Decl. ¶¶ 13–24, 44 (Charts 1–2), 47 (Chart 3), 56–60; Sodaify Decl., Ex. H (Clarkson Law Firm time records lodged for in-camera review); Declaration of Joshua Nassir ("Nassir Decl.") ¶¶ 7–9; Nassir Decl., Ex. B (Treehouse Law time records lodged for in-camera review); *see* Plaintiff's Notice of Lodging. Through extensive investigation, motion

practice, discovery, expert development, and mediation efforts, Class Counsel secured a Settlement requiring Defendant to cease use of the Japanese Origin Representation on the Products' labels. Sodaify Decl., Ex. A § 3.1.

The injunctive relief obtained directly advances the purpose of California's consumer protection statutes by ensuring that consumers can make informed purchasing decisions free from the misleading implication of Japanese origin. Because Plaintiff pursued prospective relief on behalf of a Rule 23(b)(2) class, Defendant's agreement to discontinue the challenged labeling practice represents a significant and meaningful result for the Class.

Class Counsel's total expenditure of 2204.6 hours, across nearly three years of active litigation, is reasonable in light of the complexity of the legal and factual issues presented, the contested motion to dismiss, the fully briefed class certification motion, and the protracted, arms-length settlement negotiations. Sodaify Decl. ¶¶ 13–24, 56–60; Nassir Decl. ¶ 7. Notably, this total does not include the additional time devoted to the settlement approval process. Sodaify Decl. at 11 n.1, 12 n.3. Moreover, Class Counsel exercised sound billing judgment in formulating the requested fee, voluntarily excluding certain time and ensuring that the request reflects a reasonable and conservative assessment of the work performed. *Id.* ¶¶ 44–45

## B.    Class Counsel Worked at Reasonable Hourly Rates

Class Counsel utilized reasonable hourly rates for each lawyer who staffed the case that are commensurate with rates approved in other class actions litigated in this district. *See* Sodaify Decl. ¶¶ 44, 49–52. The hourly rates of Class Counsel here range from $1,000 to $1,495 for partners, $400 to $790 for associates, and $435 to $ 450 for paralegals. *Id*. The hourly rates fall well within the range that courts within this district have determined to be reasonable. *Id.* ¶¶ 50–52. A "reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'" *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *see also Hartles v. Clorox Co.*, 273 F.R.D. 630, 644 (S.D. Cal. 2011) (stating that a reasonable hourly rate is determined pursuant to the prevailing market rates in the relevant community). Here, the "relevant community" is the Northern District of California. *See, e.g., Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) ("[T]he relevant

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

community is the forum in which the district court sits.") (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)).

Class Counsel's hourly rates are consistent with the prevailing market rates in the Northern District of California for attorneys of comparable skill, experience, and reputation. These rates have been repeatedly accepted by courts in this district as reasonable for complex class action litigation. Sodaify Decl. ¶¶ 44, 49–52; *see also* Sodaify Decl., Exs. C–G. For example, in 2024, Judge Jeffrey S. White of the Northern District of California approved Clarkson Law Firm's requested rates ranging from $990 to $1,210 for partners, $440 to $660 for associates, and $360 for paralegals in granting a $495,000 fee and cost award in a consumer class action settlement involving only injunctive relief. *See* Order Granting Final Approval, *Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 4:20-cv-09077-JSW, ECF No. 150 (N.D. Cal. Dec. 9, 2024) (citing Declaration of Ryan Clarkson at 11, *Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 4:20-cv-09077-JSW, ECF No. 147-2 (N.D. Cal. Nov. 1, 2024)). The Court found these rates "fair and reasonable, and consistent with awards in similar cases within the Ninth Circuit." *Id.* at 6; *see also*, *Perez v. First Tech. Fed. Credit Union*, 2025 WL 277403, *14 (N.D. Cal. Jan. 23, 2025) (approving attorneys' fees ranging from $310 to $1,000) (citing Declaration of Luis L. Lozada at 9, *Perez v. First Tech. Fed. Credit Union*, No. 3:23-cv-06704-TSH, ECF No. 35-1 (N.D. Cal. Oct. 29, 2024)); *Koeppen v. Carvana, LLC*, 2024 WL 3925703, at *12, 15 (N.D. Cal. Aug. 22, 2024) (approving attorneys' fees ranging from $575 to $1,495); *Harbour v. Cal. Health & Wellness Plan*, 2024 WL 171192, at *8 (N.D. Cal. Jan. 16, 2024) (holding hourly rates ranging from $425 to $1,200 to be "within the range of those approved in other similar cases . . ."); *Rollins v. Dignity Health*, 2022 WL 20184568, at *6 (N.D. Cal. July 15, 2022) (billing rates between $215 and $1,060 were "reasonable in light of prevailing market rates in this district . . . ."); *G.F. v. Contra Costa Cty.*, 2015 WL 7571789 *14 (N.D. Cal. Nov. 25, 2015) (court approved hourly rates between $175 and $975, noting that rates of $845-$975 for senior attorneys were "in line with the overall range of market rates for attorneys and for litigation support staff of similar abilities and experience."); *see also Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (finding rates from $650 to $1,250 for partners or senior counsel, $400 to $650 for associates,

and $245 to $350 for paralegals to be reasonable); *Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022) (approving hourly rates ranging from $760 to $1,325 for partners, $895 to $1,150 for counsel, and $175 to $520 for associates).

Although the Northern District of California is the relevant community for determining reasonable hourly rates, this Court may consider fee awards in other jurisdictions as evidence of reasonableness. *See Arnold v. DMG Mori USA, Inc.*, 2022 WL 18027883, at *3 (N.D. Cal. Dec. 30, 2022) ("Counsel may rely upon their own declarations, fee awards in other cases, and declarations of other attorneys to prove the reasonableness of their rates."). In this regard, the Southern District of New York has approved similar hourly rates for Clarkson Law Firm. In *Hezi v. Celsius Holdings, Inc.*, 2023 WL 2786820, at *6 (S.D.N.Y. Apr. 5, 2023), the court deemed rates of $850 to $1,100 for partners, $425 to $775 for associates, and $300 to $365 for litigation support staff as "fair, reasonable, and consistent with rates accepted within this jurisdiction for complex consumer class actions." Likewise, in *Kandel v. Dr. Dennis Gross Skincare, LLC*, No. 1:23-cv-01967-ER, ECF No. 92 at 9 (S.D.N.Y. Oct. 31, 2024), the court approved rates of $700 to $1,210 for partners, $440 to $850 for associates, and $330 to $360 for litigation support staff. The approval of Class Counsel's rates in other federal district courts weighs in favor of the Court finding Class Counsel's rates in this Action to be reasonable. *Arnold*, 2022 WL 18027883, at *3. ("Counsel may rely upon their own declarations, fee awards in other cases, and declarations of other attorneys to prove the reasonableness of their rates."). Accordingly, both within this District and in other leading jurisdictions, Class Counsel's hourly rates are well supported and reasonable for complex class action litigation of this nature.

C.    The Requested Fee Is Particularly Reasonable in Light of the Relevant Factors

The lodestar analysis is not limited to the simple mathematical calculation of Class Counsel's base fee. *See Morales*, 96 F.3d at 363–64.  Rather, Class Counsel's actual lodestar may be enhanced according to those factors that have not been "subsumed within the initial calculation of hours reasonably expended at a reasonable rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983) (citation omitted); *see also Morales*, 96 F.3d at 364. In a historical review of numerous class action settlements, the Ninth Circuit found that lodestar multipliers normally range from 0.6 to 19.6, with

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

most (83%) falling between 1 and 4. *See Vizcaino*, 290 F.3d at 1051 n.6; *see also* Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 14:03 (3d ed. 1992) (recognizing that multipliers of 1 to 4 are frequently awarded). In considering the reasonableness of attorneys' fees and any requested multiplier, the Ninth Circuit has directed district courts to consider the time and labor required, the novelty and complexity of the litigation, the skill and experience of counsel, the results obtained, and awards in similar cases. *Kerr*, 526 F.2d at 70; *Blum v. Stenson*, 465 U.S. 886, 898–900 (1984).

These considerations support the fee request here. As this Court acknowledged in its order granting preliminary approval of the Settlement, "this action involved significant risk, extensive litigation, and years of work by class counsel, who prosecuted the case on a fully contingent basis, advanced substantial time and resources, and faced a real possibility of no recovery. As such, the requested fee award seems preliminarily reasonable in light of the complexity of the case, the risks assumed, and the meaningful injunctive relief obtained for the Class." *Tunick v. Takara Sake USA Inc.*, 2026 WL 562109, at *7 (N.D. Cal. Feb. 27, 2026).

These considerations further support the reasonableness of the requested fee award. While courts routinely approve positive multipliers in comparable cases, *Vizcaino*, 290 F.3d at 1051, Class Counsel has applied a negative multiplier here, which itself is strong evidence of reasonableness. The total requested for fees and costs is $645,000. With out of pocket costs totaling $286,569.31, the remaining $358,430.69 is allocated to fees, representing a reduction of approximately 79.7% from Class Counsel's total lodestar of $1,762,046.50, or a negative multiplier of approximately 0.203. Sodaify Decl. ¶ 43. That Class Counsel seeks only about one-fifth of its accrued lodestar strongly supports approval of the requested amount. *See, In re Portal Software, Inc. Sec. Litig.*, 2007 WL 4171201, at *16 (N.D. Cal. 2007) ("The resulting so-called negative multiplier suggests that the percentage-based amount is reasonable and fair based on the time and effort expended by class counsel."); *Schiller v. David's Bridal, Inc.*, 2012 WL 2117001, at *23 (E.D. Cal. June 11, 2012) ("An implied negative multiplier supports the reasonableness of the percentage fee request."); *In re Yahoo Email Litig.*, 2016 WL 4474612, at *11 (N.D. Cal. Aug. 25, 2016) (finding that the lodestar multiplier of 0.97 "is within the range of reasonableness" and granting a request for approximately

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

$4 million in attorney's fees); *Guttman v. Ole Mexican Foods, Inc.*, 2016 WL 9107426, at *6 (N.D. Cal. Aug. 1, 2016) (finding that a fee request was "especially" reasonable because counsel voluntarily applied a multiplier of .59); *Campbell v. Facebook, Inc.*, 2017 WL 3581179, at *7 (N.D. Cal. Aug. 18, 2017) (approving a $3.89 million fee award where plaintiffs applied a negative multiplier of .497).

### i.    The Complexity and Novelty of the Issues Favor the Requested Award

The novelty and complexity of this case strongly support the reasonableness of the requested fee. Class Counsel faced difficult legal and factual issues to establish that Defendant's Japanese Origin Representation is false and misleading, given that the Products are not made in Japan.

To address these issues, Class Counsel retained and collaborated with experts to develop and conduct rigorous consumer perception surveys and market research to assess whether and how class members were likely to be misled by the challenged statements and the associated economic harm. Sodaify Decl. ¶ 21. Class Counsel also navigated complex issues regarding the scope of permissible relief. *Id.* Through these efforts, Class Counsel secured a settlement requiring Defendant to cease its labeling practices.

Given the novelty and complexity of the case, and the corresponding risks undertaken by counsel, an even higher fee request would be justified. *See, e.g.*, *Kim v. Space Pencil, Inc.*, 2012 WL 5948951, at *8 (N.D. Cal. Nov. 28, 2012) (applying a multiplier of 1.18 based on "the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment" in a case awarding injunctive relief for claims under federal and California consumer and privacy law); *Cf. Kelly*, 822 F.3d at 1093–94 (affirming application of multipliers of 2.0 and 1.3 in a case awarding injunctive relief for violations of 42 U.S.C. § 1983).

### ii.    The Skill, Diligence, and Quality of Counsel's Work Support the Requested Award

The successful outcome in this case is a direct result of Class Counsel's exceptional skill, unwavering diligence, and strategic litigation over the past three years. From the outset, Defendant vigorously contested every phase of the litigation, requiring counsel to meet each challenge with thorough preparation and expert-driven advocacy. Defendant moved to dismiss the complaint (ECF

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

No. 20), opposed class certification (ECF No. 64), and submitted an expert report in support of opposition (ECF No. 64-4). Sodaify Decl. ¶¶ 20–22.

Despite Defendant's efforts, Class Counsel prevailed meaningfully at every critical juncture. They defeated Defendant's motion to dismiss (ECF No. 30) and obtained class certification under Rule 23(b)(2), submitting seven expert reports in support (ECF Nos. 55-2–5, 70-1–3, 88). Sodaify Decl. ¶¶ 20–22. These results were the product of rigorous investigation, sophisticated motion practice, and extensive expert analysis that formed the backbone of Plaintiff's case. *See* Sodaify Decl. ¶¶ 56–60.

Class Counsel's experience in complex class actions and consumer protection litigation enabled them to efficiently identify the key factual and legal issues, streamline discovery, and maximize settlement value for the Class. Sodaify Decl. ¶¶ 30–37, Ex. B (Clarkson Law Firm Resume); Nassir Decl., Ex. A (Treehouse Law Resume). The outstanding result obtained for the Class would not have been possible without Class Counsel's specialized skills, persistence, and demonstrated expertise, all of which fully support the reasonableness of the requested fee award. *See Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013) (approving fee because case "required specialist skills to litigate the legal theories [] in the case"); *Franco v. Ruiz Food Prods.*, 2012 WL 5941801, at *16,  (E.D. Cal. Nov. 27, 2012) (awarding fees due to counsel's specialized skills); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *19–21 (C.D. Cal. June 10, 2005) (awarding attorneys' fees based in part on the effort, skill and experience of class counsel).

### iii.    *The Contingent Nature of the Representation Weighs in Favor of the Requested Fee*

Class Counsel prosecuted this action on a purely contingent basis, advancing all litigation costs and investing over two thousand hours over the course of three years to secure a favorable outcome for the Class. Sodaify Decl. ¶¶ 7, 17, 53. Throughout that time, Class Counsel committed significant attorney time and firm resources with no guarantee of recovery. In doing so, they necessarily declined other fee-generating matters and assumed the very real risk that they would never be compensated for their substantial efforts or reimbursed for the considerable expenses incurred. *Id*. ¶ 53. This substantial investment of time, labor, and resources underscores the

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

commitment required to prosecute this action and further supports the reasonableness of the requested fee.

Courts have recognized that such contingent fee arrangements justify a substantial award to ensure that consumers are able to attract highly skilled advocates to pursue complex and risky class actions. *See Hopkins v. Stryker Sales Corp.*, 2013 WL 496358, at *3 (N.D. Cal. Feb. 6, 2013) ("All of the financial risk of litigation was therefore assumed by class counsel, whose fee arrangement with plaintiffs required class counsel to bear all the costs of litigation."); *Vizcaino*, 290 F.3d at 1049–50; *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299–1300 (9th Cir. 1994) (citations omitted) ("It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases . . . [I]f this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing."); *see also In re Yahoo Email Litig.*, 2016 WL 4474612, at *11 (approving a $4 million fee award where it was "possible that, absent settlement, Class Counsel would not have been paid for their efforts in this litigation"). This substantial risk supports the reasonableness of the requested fee award.

## V.    COUNSEL'S EXPENSES ARE REASONABLE AND NECESSARILY INCURRED

The Ninth Circuit permits the recovery of reasonable litigation costs in connection with a class action settlement. *See Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003). Class Counsel is entitled to reimbursement for standard out-of-pocket expenses of the type typically billed to a fee-paying client. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Here, Class Counsel incurred expenses including court filing fees, copying costs, courier charges, expert fees, legal research charges, telephone and facsimile costs, travel expenses, postage, and other related litigation costs. *See* Sodaify Decl. ¶ 47. Each of these expenses was reasonably and necessarily incurred in prosecuting this case and reflects market rates for such services.

To date, Class Counsel has incurred out-of-pocket costs and expenses totaling $286,569.31 in litigating this action on behalf of the Class. Sodaify Decl. ¶¶ 46–47; Nassir Decl. ¶¶ 12–13. These expenditures were essential to the effective prosecution of the case and to securing the settlement

benefits obtained for the Class. *Id*. The costs reflect the complex nature of this litigation and the substantial resources required to challenge a well-funded corporate defendant. They include, among other things, expenses associated with document review and e-discovery, expert witness fees for consumer perception analyses, deposition-related costs such as court reporter and videographer fees, and mediation fees that were instrumental in achieving the Settlement. *Id*. Notably, Class Counsel advanced these costs with no guarantee of reimbursement and bore the full financial risk throughout the litigation. Sodaify Decl. ¶ 53. Because these expenses were reasonably incurred and necessary to the successful resolution of this Action, the Court should approve reimbursement of Class Counsel's litigation costs in full.

## VI.   THE REQUESTED SERVICE AWARD FOR PLAINTIFF IS REASONABLE

Plaintiff respectfully requests a $5,000 service award in recognition of the time, effort, and commitment he devoted to representing the interests of the Class. Tunick Decl. ¶ 8. Such awards are routinely granted in class actions to acknowledge the contributions of class representatives who undertake the responsibilities, burdens, and risks associated with prosecuting litigation on behalf of absent class members. *See Rodriguez v. W. Publ'g Corp*., 563 F.3d 948, 958–59 (9th Cir. 2009). The decision to grant a service award lies within the Court's discretion and generally considers factors such as the representative's participation in the litigation, the time and effort expended, the duration of the case, and the benefit achieved for the class. *See Van Vranken v. Atl. Richfield Co*., 901 F. Supp. 294, 299 (N.D. Cal. 1995).

Here, Plaintiff played an active and meaningful role throughout the litigation. Tunick Decl. ¶ 4; Sodaify Decl. ¶¶ 66–70. Over the course of nearly three years, Plaintiff worked closely with Class Counsel to assist in the prosecution of this Action and to ensure that the interests of the Class were effectively represented. *Id*. He remained regularly engaged with counsel regarding the status and strategy of the case, stayed informed about developments in the litigation, reviewed pleadings and other key case materials, responded to discovery requests, and prepared for and provided deposition testimony. *Id*. Plaintiff also carefully reviewed the Settlement to understand its terms and the relief obtained for the Class before agreeing to its approval. *Id*.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

In this District, service awards of $5,000 are typically considered presumptively reasonable. *See Campbell*, 2017 WL 3581179, at *4, *7 (approving an incentive award of $5,000 in injunctive relief only class settlement); *see also In re Yahoo Email Litig.*, 2016 WL 4474612, at *12 (approving an incentive award of $5,000 where the class settlement included declaratory and injunctive relief). The requested amount is modest compared to awards in other cases. *See, e.g.*, *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299–300 (N.D. Cal. 1995) (incentive award of $50,000); *Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *16–17 (N.D. Cal. Jan. 26, 2007), *aff'd*, 331 F. App'x 452 (9th Cir. 2009) (awarding $100,000 divided among four plaintiffs in overtime wages class action); *Harris v. Vector Marketing Corp.*, 2012 WL 381202, at *8 (N.D. Cal. Feb. 6, 2012) (awarding $12,500 service award).

Given Plaintiff's significant involvement and the critical role he played in achieving this favorable outcome for the Class, Plaintiff respectfully requests that the Court approve the service award of $5,000.

## VII.   CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's request for a service award of $5,000, and grant Class Counsel's request for attorneys' fees and costs of $645,000.

Dated: March 19, 2026

**CLARKSON LAW FIRM, P.C.**

By: */s/ Bahar Sodaify*
    Ryan J. Clarkson
    Bahar Sodaify

**TREEHOUSE LAW, LLP**

By: */s/ Joshua Nassir*
    Benjamin Heikali
    Joshua Nassir
    Ruhandy Glezakos
    Katherine Phillips

*Attorneys for Plaintiff and the Settlement Class*