**TREEHOUSE LAW, LLP**
Benjamin Heikali (SBN 307466)
*bheikali@treehouselaw.com*
Joshua Nassir (SBN 318344)
*jnassir@treehouselaw.com*
Ruhandy Glezakos (SBN 307473)
*rglezakos@treehouselaw.com*
Katherine Phillips (SBN 353048)
*kphillips@treehouselaw.com*
3130 Wilshire Blvd., Ste. 555
Santa Monica, CA 90403
Telephone: (310) 751-5948

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel.: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff and the Settlement
Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLBY TUNICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAKARA SAKE USA INC.,<br><br>Defendant. | Case No.: 3:23-cv-00572-TSH<br>Compl. Filed: February 8, 2023<br>FAC Filed: April 26, 2023<br><br>*Assigned to Hon. Thomas S. Hixson, United States Magistrate Judge*<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT**<br><br>Hearing Information:<br>Date: June 11, 2026<br>Time: 10:00 a.m.<br>Courtroom: E, 15th Fl. |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 11, 2026, at 10:00 a.m., in Courtroom E of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable Thomas S. Hixson presiding, Plaintiff Colby Tunick will and hereby does move for an Order pursuant to the Federal Rules of Civil Procedure granting final approval of the proposed Rule 23(b)(2) settlement with Defendant Takara Sake USA Inc.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the accompanying Declaration of Joshua Nassir, the exhibits thereto, the pleadings and records on file in this action, and other relevant matters and argument as the Court may consider at the hearing of this motion.

Dated: April 28, 2026

**TREEHOUSE LAW, LLP**

By: */s/ Joshua Nassir*
    Joshua Nassir
    Benjamin Heikali
    Ruhandy Glezakos
    Katherine Phillips

**CLARKSON LAW FIRM, P.C.**

By: */s/ Bahar Sodaify*
    Ryan J. Clarkson
    Bahar Sodaify

*Attorneys for Plaintiff and the Settlement Class*

**TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................................................1

II.   BRIEF PROCEDURAL OVERVIEW.................................................................................2

III.  THE RULE 23(b)(2) SETTLEMENT……......................................................................3

      A.    Injunctive Relief Provides Meaningful Benefit to the Class…....................................3

      B.    The Court-Approved Settlement Class Definition…………………………..............4

      C.    Class Release Is Limited to Injunctive Relief Claims…………………....................4

      D.    The Service Award Recognizes Plaintiff's Significant Contribution………………..5

      E.    Reasonable Attorneys' Fees and Costs Reflect Extensive Efforts and Results
            Achieved…………………………………………………………………………..5

IV.   CLASS NOTICE NOT REQUIRED NOR ORDERED, AND NO OBJECTIONS
      RECEIVED AFTER CAFA NOTICE…………………………………………………….6

V.    THE FINAL APPROVAL STANDARD IS SATISFIED.......................................................6

      A.    Substantial Injunctive Relief Demonstrates the Settlement Is Fair, Reasonable, and
            Adequate……………………………………………………….................................7

      B.    Case Strength Balanced Against Litigation Risks Favors Settlement……………......9

      C.    The Settlement Is the Product of Arm's-Length Negotiation and Extensive
            Discovery, Reflecting Its Informed Nature………………………………………....10

      D.    Plaintiff and Experienced Class Counsel Adequately Represented the Settlement
            Class…………………………………..…………………………………………12

      E.    The Requested Attorneys' Fees and Costs Are Appropriate………….….………14

      F.    No Other Agreements…………………………………………………………...16

      G.    Lack of Government Participant and Class Reaction Factors Support Approval…..16

VI.   CONCLUSION………………………………………………………………………..17

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adoma v. Univ. of Phoenix, Inc.*,
913 F. Supp. 2d 964 (E.D. Cal. 2012)........................................................................................4

*In re Bluetooth Headset Products Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ...................................................................................................11

*Boyd v. Bechtel Corp.*,
485 F. Supp. 610 (N.D. Cal. 1979) ..........................................................................................14

*Broomfield v. Craft Brew All., Inc.*,
No. 17-CV-01027-BLF, 2020 WL 1972505 (N.D. Cal. Feb. 5, 2020).....................................13

*Campbell v. Facebook, Inc.*,
No. 13-CV-05996-PJH, 2017 WL 3581179 (N.D. Cal. Aug. 18, 2017), *aff'd,* 951 F.3d 1106
(9th Cir. 2020).........................................................................................................................15

*Carter v. Anderson Merch., LP*,
Nos. EDCV 08–0025–VAP, EDCV 09–0216–VAP (OPx), 2010 WL 1946784 (C.D. Cal. May
11, 2010) .................................................................................................................................14

*Fleming v. Impax Lab'ys Inc.*,
No. 16-cv-06557-HSG, 2022 WL 2789496 (N.D. Cal. July 15, 2022) ....................................14

*Garcia v. Harkins Admin. Servs., Inc.*,
No. 518CV02314MCSJEM, 2021 WL 2792321 (C.D. Cal. Jan. 4, 2021)..................................7

*Garner v. State Farm Mut. Auto. Ins. Co.*,
No. CV 08 1365 CW (EMC), 2010 WL 1687832 (N.D. Cal. Apr. 22, 2010)............................11

*Grant v. Capital Management Servs., L.P.*,
No. 10-CV-2471-WQH BGS, 2014 WL 888665 (S.D. Cal. Mar. 5, 2014).................................8

*Guttman v. Ole Mexican Foods, Inc.*,
No. 14-CV-04845-HSG, 2016 WL 9107426 (N.D. Cal. Aug. 1, 2016) ....................................15

*Hanlon v. Chrysler*,
150 F.3d 1011 (9th Cir. 1998) .........................................................................................6, 7, 12

*Harbour v. Cal. Health & Wellness Plan*,
No. 5:21-cv-03322-EJD, 2024 WL 171192 (N.D. Cal. Jan. 16, 2024) ....................................14

*Harris v. Marhoefer*,
24 F.3d 16 (9th Cir. 1994) .......................................................................................................16

*Harris v. Vector Mktg. Corp.*,
No. C-08-5198 EMC, 2012 WL 381202 (N.D. Cal. Feb. 6, 2012) ...............................................4

*Hefler v. Wells Fargo & Co.*,
No. 16-CV-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020) .....................................................................................14

*Hesse v. Godiva Chocolatier, Inc.*,
No. 1:19-CV-0972-LAP, 2022 WL 22895466 (S.D.N.Y. Apr. 20, 2022) ...................................13

*Hezi v. Celsius Holdings, Inc.*,
No. 1:21 cv-09892-JHR, 2023 WL 2786820 (S.D.N.Y. Apr. 5, 2023) .......................................13

*Jermyn v. Best Buy Stores*,
No. 08 Civ. 214 CM, 2012 WL 2505644 (S.D.N.Y. June 27, 2012)...........................................16

*Jiangchen v. Rentech, Inc.*,
No. 17-1490-GW, 2019 WL 5173771 (C.D. Cal. Oct. 10, 2019)................................................12

*Kandel v. Dr. Dennis Gross Skincare, LLC*,
No. 1:23-cv-01967-ER, ECF No. 92 (S.D.N.Y. Oct. 31, 2024) .................................................13

*Kim v. Space Pencil, Inc.*,
No. C 11-03796 LB, 2012 WL 5948951 (N.D. Cal. Nov. 28, 2012) ..........................................16

*Kirkorian v. Borelli*,
695 F. Supp. 446 (N.D. Cal. 1988) .............................................................................................14

*Kline v. Dymatize Enters., LLC*,
No. 15-CV-2348-AJB-RBB, 2016 WL 6026330 (S.D. Cal. Oct. 13, 2016) ..........................9, 11

*Knight v. Red Door Salons, Inc.*,
No. 08–01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ..................................................13

*Lilly v. Jamba Juice Co.*,
No. 13–cv–02998–JST, 2015 WL 2062858 (N.D. Cal. May 4, 2015) ...............................8, 9, 16

*Lilly v. Jamba Juice Co.*,
No. 13-cv-02998-JST, 2015 WL 1248027 (N.D. Cal. Mar. 18, 2015)..........................................6

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) .......................................................................................................11

*Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*,
No. 4:20-cv-09077-JSW, 2024 WL 4868182 (N.D. Cal. Oct. 3, 2024) .......................................8

*Nat'l Rural Telecomms. Coop. v. DIREC-TV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004).................................................................................................9

*In re Omnivision Techs., Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................................................................................6

MOTION FOR FINAL APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT

*Oula Zakaria v. Gerber Prods. Co.*,
No. LACV1500200JAKEX, 2017 WL 9512587 (C.D. Cal. Aug. 9, 2017), *aff'd* 2018 WL
5977897 (9th Cir. Nov. 14, 2018)..................................................................................................10

*In re Portal Software, Inc. Sec. Litig.*,
No. C-03-5138 VRW, 2007 WL 4171201 (N.D. Cal. 2007).......................................................15

*Prescott v. Bayer Healthcare LLC*,
No. 20-cv-00102-NC, 2021 WL 12331574 (N.D. Cal. Dec. 15, 2021).......................................13

*Roberti v. OSI Sys., Inc.*,
No. CV-13-09174 MWF (MRW), 2015 WL 8329916 (C.D. Cal. Dec. 8, 2015).......................11

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) .....................................................................................................10

*Schiller v. David's Bridal, Inc.*,
No. 1:10-CV-00616-AWI, 2012 WL 2117001 (E.D. Cal. June 11, 2012) *report and
recommendation adopted*, 2012 WL 13040405 (E.D. Cal. June 28, 2012)................................15

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) .....................................................................................................16

*Swetz v. GSK Consumer Health, Inc.*,
No. 7:20-CV-04731-NSR, 2021 WL 5449932 (S.D.N.Y. Nov. 22, 2021)..................................13

*In re Syncor ERISA Litig.*,
516 F.3d 1095 (9th Cir. 2008*)* ....................................................................................................6

*Vasquez v. Coast Valley Roofing, Inc.*,
266 F.R.D. 482 (E.D. Cal. 2010) ...............................................................................................10

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
No. 2672 CRB (JSC), 2017 WL 1047834 (N.D. Cal. Mar. 17, 2017).......................................15

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011)..................................................................................................................6

*Weigele v. Fedex Ground Package Sys.*,
267 F.R.D. 614 (S.D. Cal. Apr. 5, 2010) ...................................................................................10

*Westfall v. Ball Metal Bev. Container Corp.*,
No. 2:16-02632-KJM-CKD, 2021 WL 4206851 (E.D. Cal. Sept. 16, 2021) .............................14

*White v. Experian Info. Sols., Inc.*,
No. SACV05-1070 DOC, 2009 WL 10670553 (C.D. Cal. May 7, 2009)...................................11

*In re Wireless Facilities*,
253 F.R.D. 607 (S.D. Cal. Sept. 3, 2008) ..................................................................................11

*In re Yahoo Email Litig.*,
  No. 13-CV-4980-LHK, 2016 WL 4474612 (N.D. Cal. Aug. 25, 2016)....................................15

**Statutes**

Class Action Fairness Act, 28 U.S.C. § 1715 ....................................................................2, 3, 6, 17

**Court Rules**

Fed. R. Civ. P. 23(b)(2)..................................................................................................... *passim*

Fed. R. Civ. P. 23(b)(3).................................................................................................................4, 9

Fed. R. Civ. P. 23(e).....................................................................................................................2, 16

Fed. R. Civ. P. 23(e)(2) ....................................................................................................................6

Fed. R. Civ. P. 23(e)(2)(A) .............................................................................................................12

Fed. R. Civ. P. 23(e)(2)(B)...............................................................................................................10

Fed. R. Civ. P. 23(e)(2)(C)(iii).........................................................................................................14

Fed. R. Civ. P. 23(h) .........................................................................................................................5

Fed. R. Civ. P. 30(b)(6).....................................................................................................................11

## MEMORANDUM OF POINTS AND AUTHORITES

Pursuant to Rule 23(e), Plaintiff Colby Tunick ("Plaintiff") moves the Court for final approval of class action settlement.

## I.    INTRODUCTION

Plaintiff Colby Tunick on behalf of himself and the certified Settlement Class, respectfully moves for final approval of the proposed class action settlement with Defendant Takara Sake USA Inc. ("Defendant"). After more than three years of contested litigation, the settlement delivers certain, timely, and favorable resolution for the Class, without additional risk or delay associated with continued litigation. The Settlement[1] directly addresses Plaintiff's core allegation that Defendant deceptively conveyed a Japanese origin for its sake products by prominently affixing a gold emblem to the front labels proclaiming "Licensed by TaKaRa Japan, Since 1851" (the "Japanese Origin Representation"), when in fact the products are manufactured in Berkeley, California. Under the Settlement terms, Defendant has agreed to discontinue use of the Japanese Origin Representation, a forward-looking remedy that directly eliminates the challenged conduct, materially reduces the risk of continued consumer confusion, and advances the broader public interest in accurate, transparent product labeling that empowers consumers to make informed purchasing decisions.

On February 27, 2026, the Court granted preliminary approval of the Settlement. ECF No. 100. In its preliminary approval order, the Court determined that class notice was not required because the Settlement releases only the Class members' claims for injunctive relief and the named Plaintiff's individual monetary claims, leaving all Class members' rights to pursue monetary damages fully intact. ECF No. 100, 11:26–12:1. Nothing has changed since preliminary approval to alter the Settlement—it remains fair, reasonable, and adequate.

On March 19, 2026, Plaintiff filed his Motion for Attorney Fees and Costs and Service Award ("MFA"). ECF No. 101. Plaintiff now respectfully requests that the Court grant final approval of the Settlement, along with the requested service award and attorneys' fees and costs.

---

[1] *See* Settlement Agreement, attached as Exhibit ("Ex.") A to the Declaration of Joshua Nassir ("Nassir Decl.").

The Settlement is entitled to a strong presumption of fairness as it was the product of arm's-length negotiations conducted with the assistance of the Honorable Robert A. Baines (Ret.) of JAMS, a highly experienced mediator, and was reached only after extensive fact discovery, substantive motion practice, and multiple mediation sessions. The result is a well-informed, thoroughly vetted agreement forged over years of adversarial litigation and rigorous expert analysis. The Settlement also satisfies both the procedural and substantive fairness requirements of Rule 23(e). Notably, not a single objection has been lodged—not by any Class member, and not by any of the fifty state attorneys general or federal officials who received notice pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. The Settlement should accordingly be granted final approval.

Class Counsel's request for attorneys' fees and costs totaling $645,000 is fully justified by the extensive work required to prosecute this case over several years of hotly contested litigation and by the favorable, tangible result secured for the Class. Likewise, Plaintiff's modest $5,000 service award request is warranted by the substantial time, effort, and personal commitment he devoted to prosecuting this action on behalf of the Class, and falls squarely within the range of service awards routinely approved in this Circuit.

For these reasons, and as set forth more fully below, Plaintiff respectfully requests that the Court grant final approval of the Settlement in its entirety.

## II.    BRIEF PROCEDURAL OVERVIEW

In February 2023, Plaintiff filed his complaint in the Northern District of California and later filed the operative First Amended Complaint ("FAC"), asserting violations of California's consumer protection laws and common law on behalf of a California class seeking injunctive relief and compensatory damages. *See* ECF No. 18, Prayer for Relief. The Court certified a California class under Rule 23(b)(2) for injunctive relief. *See* ECF No. 88. Over more than three years of contested litigation, Plaintiff expended considerable time and resources on fact, class, and expert discovery, combating pleading, class certification, and expert challenges, and multiple mediation sessions. Nassir Decl. ¶¶ 5, 20–23, 43–44.

The parties participated in two mediation sessions and additional negotiation discussions

Case No. 3:23-cv-00572-TSH                    2

MOTION FOR FINAL APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT

before Hon. Amy D. Hogue (Ret.) and Hon. Robert A. Baines (Ret.). *Id.* ¶ 23. Through arms-length negotiations, assisted by Hon. Robert A. Baines (Ret.), the parties successfully reached an agreement in principle. *Id.* The parties then diligently worked to formalize the settlement terms, resulting in the comprehensive Settlement Agreement that accompanies this Motion. *Id.*; Ex. A.

Plaintiff submitted an unopposed motion for preliminary approval on January 30, 2026. ECF No. 95. On February 27, 2026 the Court granted preliminary approval, finding that the Settlement process "was fair, and this factor weighs in favor of granting preliminary approval." ECF No. 100 at 7:5–6. The Court also determined that class notice was unnecessary, as the Settlement releases only the Class members' injunctive relief claims and the named Plaintiff's individual monetary claims. ECF No. 100 at 4:13–17, 11:27–12:1; Ex. A § 5.1.

On February 6, 2026, Defendant served notice of a proposed class settlement on appropriate state and federal officials as required by the CAFA. ECF No. 99. To date, none of the Attorneys General of the fifty states or any U.S. territory, nor any federal official, has lodged an objection to or expressed any concern regarding the Settlement, which further confirms its fairness and reasonableness. Nassir Decl. ¶ 25.

On March 19, 2026, Plaintiff filed his MFA respectfully requesting the Court award a partial reimbursement of attorneys' fees and costs in the total amount of $645,000 for their efforts and an incentive award totaling $5,000 for Plaintiff. ECF No. 101.

Plaintiff now respectfully submits this Settlement for the Court's final approval.

## III.   THE RULE 23(b)(2) SETTLEMENT

### A.   Injunctive Relief Provides Meaningful Benefit to the Class

The Settlement secures injunctive relief directly addressing the concerns raised in the FAC (ECF No. 18) and protecting the Class (and all consumers) by ensuring that the core Japanese Origin Representation is removed from the Products' labels. Ex. A § 3.1. To avoid unnecessary waste and expense, the Settlement does not mandate changes to labels on Products manufactured and packaged before the Settlement Effective Date. *Id.* While the Settlement does not prohibit other changes to the Products' labels, advertisements, or marketing, any changes must comply with the provisions of

the Settlement. *Id.* § 3.3. Overall, the injunctive relief obtained is well-tailored to the claims in the FAC and represents an important victory for the Class and consumers at large.

### B.  The Court-Approved Settlement Class Definition

The Settlement defines the "Class" in the same manner specified in Plaintiff's Notice of Motion for Class Certification ("MCC"): "All persons who, during the Class Period, purchased one or more of the Products in California for purposes other than resale at a retail location or online," with the following exceptions: "(i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer." *Compare* Ex. A §§ 2.7, 2.10 *with* MCC Notice at 2, ECF No. 55. The Court adopted this definition in its Order Granting Motion to Certify Class. *See* MCC Order at 24, ECF No. 88 (defining the class as "[a]ll persons who, during the Class Period, purchased one or more of the Products in California for purposes other than resale at a retail location or online").

As stated by the Court in its preliminary approval order, because the Court has already certified a class under Rule 23, the Court need not analyze whether the requirements for certification have been met and may focus instead on whether the proposed Settlement is fair, reasonable, and adequate. ECF No. 100 at 6:3–5; *see Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 974 (E.D. Cal. 2012); *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2012 WL 381202, at *3 (N.D. Cal. Feb. 6, 2012) ("As a preliminary matter, the Court notes that it previously certified . . . a Rule 23(b)(3) class . . . [and thus] need not analyze whether the requirements for certification have been met and may focus instead on whether the proposed settlement is fair, adequate, and reasonable.").

### C.  Class Release Is Limited to Injunctive Relief Claims

The Settlement resolves and releases Defendant and affiliated entities from liability for the injunctive relief claims. Ex. A § 5.1. However, the release does not prevent the Class from pursuing claims for monetary relief related to past, present, or future purchases of the Products. *See id.*

//

Case No. 3:23-cv-00572-TSH                              4
MOTION FOR FINAL APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT

In addition to the Class release, a separate, individual release exists between Plaintiff and Defendant in the Settlement. *Id.* § 6.1. Under this provision, Plaintiff and Defendant release each other and their related parties from all claims that directly relate to or arise from the Action, the Claims, the Individual Claims, or Plaintiff's purchase or use of any Products prior to the Settlement Effective Date. *Id.* This individual release by Plaintiff does not extend to the Class. *Id.*

### D.  The Service Award Recognizes Plaintiff's Significant Contribution

As part of the Settlement, Class Counsel requests a service award of $5,000 to be paid to Plaintiff for his significant contributions, time, attention, and efforts in litigating this Action. *Id.* § 4.2; MFA § VI; *see* ECF No. 101-13 Declaration of Colby Tunick in Support of Motion for Attorneys Fees, Costs, and Service Award, ("Tunick Decl."). Plaintiff communicated regularly with Class Counsel, produced documents, sat for deposition, and cooperated with Class Counsel during all stages of litigation. Ex. A § 4.2; MFA, at 12:20–27; Tunick Decl. ¶ 4. Defendant does not oppose the requested service award payment to Plaintiff. *See* Ex. A § 4.2. Given the service that Plaintiff has provided to the Class, and absence of evidence necessary to rebut the presumption of reasonableness, the requested service award should be approved.

### E.  Reasonable Attorneys' Fees and Costs Reflect Extensive Efforts and Results Achieved

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). The Settlement provides that Plaintiff may request up to $645,000 for attorneys' fees and costs. *See* Ex. A § 4.3; MFA, at 3:17–18. Class Counsel's request for $645,000 in attorneys' fees and costs is substantially less than their total lodestar and costs. Class Counsel's lodestar, across over three years of active litigation amounted to $1,762,046.50, covering approximately 2204.6 hours of work. *See* MFA, at 5:9, 8:20; *see also* Nassir Decl. ¶¶ 12, 38; Declaration of Bahar Sodaify in Support of MFA ("Sodaify Decl.") ¶ 11, ECF No. 101-1. Additionally, Class Counsel incurred $286,569.31 in expenses. MFA, at 8:18, 11:26; Nassir Decl. ¶¶ 12, 38. Plaintiff's request of $358,430.69 in fees amounts to a reduction of $1,403,615.81, which equates to a request of 20.3% of the total fees incurred or a negative multiplier of 0.203. *Id.* at 8*; see also* Nassir Decl. ¶¶ 12, 38; Sodaify Decl.

¶ 43. Such a significant voluntary reduction and use of a negative multiplier renders the Attorneys' Fees and Costs Award presumptively reasonable and warrants approval.

## IV.   CLASS NOTICE NOT REQUIRED NOR ORDERED, AND NO OBJECTIONS RECEIVED AFTER CAFA NOTICE

Although direct notice to the Class was neither required nor ordered,[2] CAFA separately requires defendants to serve notice of a proposed class settlement on appropriate state and federal officials and bars final approval until at least 90 days after such service. 28 U.S.C. § 1715(b), (d). In accordance with these requirements, Defendant timely served CAFA notice on February 6, 2026. ECF No. 99. As of the filing of this motion, 81 days have elapsed since CAFA notice was served. To date, none of the Attorneys General of the fifty states or any U.S. territory, nor any federal official, has lodged an objection to or expressed any concern regarding the Settlement, which further confirms its fairness and reasonableness. Nassir Decl. ¶ 25.

## V.   THE FINAL APPROVAL STANDARD IS SATISFIED

The Ninth Circuit strongly favors settlement "particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008) ("[T]he court must also be mindful of the Ninth Circuit's policy favoring settlement, particularly in class action law suits."). Under Rule 23(e)(2), court approval is warranted if a settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Hanlon v. Chrysler*, 150 F.3d 1011, 1026 (9th Cir. 1998). A court need not address whether the settlement is ideal or the best outcome, but determines only whether the settlement is fair, free of collusion, and consistent with the plaintiff's fiduciary obligations to the class. *Id.* at 1027. The Ninth Circuit in *Hanlon* identified the following factors to assess a settlement: (1) the

---

[2] In its preliminary approval order, the Court properly exercised its discretion and determined that class notice is unnecessary here because the Settlement releases only the Class members' claims for injunctive relief and expressly preserves their right to pursue monetary damages. *See* ECF No. 100 at 11; *Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST, 2015 WL 1248027, at *8–9 (N.D. Cal. Mar. 18, 2015) (holding that because the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of class members, class notice is not necessary); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558 (2011) (Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action.")

strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citations omitted). Not every factor needs to be satisfied, instead, "[u]nder some circumstances, the presence of a single factor may provide sufficient grounds for court approval." *Garcia v. Harkins Admin. Servs., Inc.*, No. 518CV02314MCSJEM, 2021 WL 2792321, at *2 (C.D. Cal. Jan. 4, 2021) (citing *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993)). As the Court found in its order granting preliminary approval, all relevant factors support Settlement approval. ECF No. 100 at 7:5–9; 7:25–26, 10:15. Thus, final approval of the Settlement is warranted.

**A.    Substantial Injunctive Relief Demonstrates the Settlement Is Fair, Reasonable, and Adequate**

Given that only a Rule 23(b)(2) class has been certified in this Action, the injunctive relief provided for by the Settlement represents a positive outcome for the Class. As stated in the Court's order granting preliminary approval, courts approve injunctive relief only settlements in consumer actions where, as here, class members' rights to pursue damages are not released and the injunctive relief directly benefits the class by curbing the allegedly unlawful practices. ECF No. 100 at 9:11–21 (citing *Carr v. Tadin, Inc.*, No. 12-CV-3040 JLS JMA, 2014 WL 7497152, at *7 (S.D. Cal. Apr. 18, 2014), *amended in part*, 2014 WL 7499453 (S.D. Cal. May 2, 2014) (granting approval of settlement with no monetary relief, but where "the injunctive relief offered will provide the Settlement Class 'with the relief they most desire—a change in product labeling.'"). The Court determined at the preliminary approval stage that the injunctive relief secured—the crux of the Settlement—addresses the core issues of the case in a fair and reasonable manner by curbing the allegedly unlawful practices and does not release the Class members' monetary claims. ECF No. 100 at 8:13–15. No reason exists to depart from this earlier conclusion.

Plaintiff alleges that the Defendant deceptively advertised and labeled the Products with the Japanese Origin Representation despite being made in California. The injunctive relief provided for

in the Settlement directly addresses the allegedly unlawful practice Defendant engaged in and prevents Defendant from engaging in similar conduct in the future. Ex. A § 3.1. The Settlement provides such impactful relief while preserving the Class's rights to seek monetary legal recourse if desired. *Id.* §§ 5.1, 6.1. The outcome represents a meaningful victory for Plaintiff and the Class, as it directly confronts the central allegations of the lawsuit and provides substantial benefits to consumers. *See Grant v. Capital Management Servs., L.P.*, No. 10-CV-2471-WQH BGS, 2014 WL 888665, *4 (S.D. Cal. Mar. 5, 2014) (approving settlement that "stops the allegedly unlawful practices, bars Defendant from similar practices in the future, and does not prevent class members from seeking [monetary] legal recourse"); *see also* ECF No. 100 at 9:11–12 ("Courts have approved similar settlements where injunctive relief provides direct, meaningful benefits by curbing allegedly unlawful practices.").

The Settlement requires Defendant to continue its cessation of the Japanese Origin Representation until and unless the Products are manufactured in Japan. Ex. A § 3.1. With only a Rule 23(b)(2) class certified, this injunctive relief represents a positive outcome for Plaintiff and the Class. The changes to the Products' labeling practices address the core of Plaintiff's claims that the Japanese Origin Representation was misleading to consumers. The Court has already found, in its order granting preliminary approval, that the relief secured in the Settlement directly addresses Plaintiff's claims. ECF No. 100 at 8:13–15. As the Court found in its preliminary approval order, the injunctive relief secured by Plaintiff is fair, reasonable, and adequate, and thus, weighs strongly in favor of granting final approval to the Settlement. *Id.* at 9:24–27; 10:15; *see also Lilly v. Jamba Juice Co.*, No. 13–cv–02998–JST, 2015 WL 2062858 at *6 (N.D. Cal. May 4, 2015) (approving a settlement providing solely injunctive relief where only Rule 23(b)(2) class was certified); *Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 4:20-cv-09077-JSW, 2024 WL 4868182, at *4 (N.D. Cal. Oct. 3, 2024) ("Courts have approved similar settlements providing solely injunctive relief in consumer class actions, particularly where such relief offers direct benefits in curbing allegedly unlawful practices.") (collecting cases).

//

//

**B.    Case Strength Balanced Against Litigation Risks Favors Settlement**

Despite Plaintiff's belief that he could prove to a jury the false and misleading nature of the Japanese Origin Representation on the Products' labels and packaging, Plaintiff recognizes that proceeding to trial poses serious risks.

While Plaintiff could potentially renew his motion to certify a Rule 23(b)(3) class, moving forward posed substantial risks, including facing contested expert reports, anticipated challenges from Defendant, and the likelihood of appellate review if Plaintiff achieved a favorable judgment. These factors underscored the uncertainty and complexity of pursuing further litigation. Nassir Decl. ¶¶ 45, 46, 51, 52 (detailing risks of continued litigation and certifying a Rule 23(b)(3) class). Even with a certified class under Rule 23(b)(2), a favorable liability verdict is not guaranteed. Plaintiff would face the risk of unpredictable jury responses to expert testimonies, and potential challenges by Defendant to reliance on the disputed labeling. Further, Defendant's "liability in this case would hinge on a factual determination of 'whether reasonable consumers were likely to be deceived.'" *See Lilly*, 2015 WL 2062858, at *3 (citation omitted); *see also* ECF No. 100, 9:4–10. The risk of no-liability jury finding is a concern "as 'any time that liability hinges on reasonableness, a favorable verdict cannot be certain.'" *Id.* Plaintiff avoids the risks of trial through the Settlement therefore while guaranteeing relief to himself and the Class by requiring Defendant to change its labeling practices to cease the alleged deception and protect all consumers going forward. The considerable risks of proceeding to trial favors Settlement approval. *See, e.g.*, *Nat'l Rural Telecomms. Coop. v. DIREC-TV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation. In this respect, 'It has been held proper to take the bird in hand instead of a prospective flock in the bush.'") (citations omitted).

The expense, complexity, duration, and risk involved in further litigation strongly favor resolution through the Settlement. *See Kline v. Dymatize Enters., LLC*, No. 15-CV-2348-AJB-RBB, 2016 WL 6026330, at *5 (S.D. Cal. Oct. 13, 2016) ("[W]hile confident in the merits of their case, Plaintiffs are cognizant of the inherent risks of lengthy litigation. . . . The proposed settlement

adequately accounts for these risks."); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 489 (E.D. Cal. 2010) (in weighing the risk of future litigation, a court "may consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation.") (internal quotation marks omitted).

Defendant has continued to vehemently deny Plaintiff's allegations that the Products' labels were false and misleading, and if litigation continued, the parties would likely further submit expert testimony, among other costly and unpredictable efforts. Nassir Decl. ¶¶ 41, 50–52. The prompt injunctive relief the Settlement provides is preferable to the attendant costs associated with paying additional experts, continuing motion practice and discovery, facing possible decertification motions, the risk of a motion for summary judgment granted against Plaintiff, the risk of the Court or a jury disagreeing on materiality, or that, after resolution, the Action would be appealed. *See Oula Zakaria v. Gerber Prods. Co.*, No. LACV1500200JAKEX, 2017 WL 9512587, at *22 (C.D. Cal. Aug. 9, 2017) (decertifying class after finding plaintiff failed to provide an adequate basis to calculate restitution and actual damages), *aff'd* 2018 WL 5977897 (9th Cir. Nov. 14, 2018); *Weigele v. Fedex Ground Package Sys.*, 267 F.R.D. 614, 625 (S.D. Cal. Apr. 5, 2010) (decertifying class after concluding predominance was lacking). The Court further found in its order granting preliminary approval that the risks of continued litigation support approval of the Settlement. ECF No. 100 at 10:3–6, 10:15.

Because of these factors and the parties' joint desire to resolve this matter by the terms outlined in the Settlement, the Court should grant final approval of the Settlement.

### C.     The Settlement Is the Product of Arm's-Length Negotiations and Extensive Discovery, Reflecting Its Informed Nature

Federal Rule of Civil Procedure 23(e)(2)(B) directs the Court to consider whether "the [proposed settlement] was negotiated at arm's length." The Ninth Circuit "put[s] a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). Indeed, where a settlement is reached through arm's-length negotiations conducted by experienced counsel, it is presumed fair and reasonable.

*Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, at *13 (N.D. Cal. Apr. 22, 2010). That presumption applies squarely here.

First, the participation of respected, neutral mediators weighs strongly in favor of approval. The Settlement was reached with the assistance of two experienced mediators, the Honorable Amy Hogue (Ret.) and the Honorable Robert A. Baines (Ret.), whose involvement confirms that the negotiations were serious and adversarial. Nassir Decl. ¶ 23; *see Roberti v. OSI Sys., Inc.*, No. CV-13-09174 MWF (MRW), 2015 WL 8329916, at *3 (C.D. Cal. Dec. 8, 2015) ("[A]ssistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Kline*, 2016 WL 6026330, at *5 ("That the settlement was reached with the assistance of an experienced mediator further suggest that the settlement is fair and reasonable.") (citation omitted); *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) ("[The] presence of a neutral mediator [is] a factor weighing in favor of a finding of non-collusiveness."). The Court itself recognized as much in granting preliminary approval, "the process here was fair, and this factor weighs in favor of granting preliminary approval." ECF No. 100, 7:5–6.

Second, the Settlement is the product of an informed, fully developed record. Courts evaluate whether Class Counsel had sufficient information to make an informed decision about the merits of the case before settling. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). That standard is comfortably met here. Over more than three years of hard-fought litigation, Plaintiff and Defendant's Rule 30(b)(6) designees were deposed, thousands of documents were produced and reviewed, expert reports were exchanged, and the parties engaged in extensive briefing on motions to dismiss and for class certification. Nassir Decl. ¶¶ 20–22. This substantial record gave Class Counsel a meaningful opportunity to assess the Court's rulings, take targeted discovery, and weigh the benefits of settlement against the risks and costs of continued litigation. Settlements reached under these conditions are presumed fair. *See In re Wireless Facilities*, 253 F.R.D. 607, 610 (S.D. Cal. Sept. 3, 2008) (settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair); *White v. Experian Info. Sols., Inc.*, No. SACV05-1070 DOC (MLGx), 2009 WL 10670553, at *13 (C.D. Cal. May 7, 2009) (same). Taken together, the arm's-

length nature of the negotiations, the involvement of two experienced neutrals, and the depth of the factual and legal record developed before settlement all weigh decisively in favor of final approval.

**D.    Plaintiff and Experienced Class Counsel Adequately Represented the Settlement Class**

A court must consider whether the "class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). In making this determination, courts ask: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members[;] and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. Plaintiff and Class Counsel satisfy both requirements and have adequately represented the Settlement Class.

Plaintiff's interests align with the other Class Members. His claims are typical of the Class because, like other consumers nationwide, he purchased Defendant's sake products with the Japanese Origin Representation and alleges that he was deceived by those representations to believe the sake products were from Japan. *See* FAC ¶ 15; Tunick Decl. ¶ 2; *Jiangchen v. Rentech, Inc.*, No. 17-1490-GW, 2019 WL 5173771, at *5 (C.D. Cal. Oct. 10, 2019) ("The claims of Lead Plaintiff and the other Settlement Class Members arise from the same alleged conduct[.]")

Throughout this litigation, Plaintiff has actively participated in discovery, responded to document requests, sat for deposition, and worked closely with Class Counsel to achieve the best outcome for the Class. MFA § VI; Tunick Decl. ¶ 4. His willingness to serve as Class Representative for over three years, despite the burdens of discovery and the uncertainties of litigation, demonstrates his adequacy and commitment to the class and the cause. MFA § VI; Tunick Decl. ¶ 5.

Plaintiff also retained highly experienced counsel with a strong track record of prosecuting consumer protection and false advertising class actions. Clarkson Law Firm and Treehouse Law have successfully litigated numerous cases involving deceptive labeling under California's consumer protection laws. *See* Nassir Decl. ISO MFA ¶ 3, Ex. A, ECF No. 101-11 (Treehouse Law Firm Resume); Sodaify Decl. ¶ 37, Ex. B, ECF No. 101-3, (Clarkson Law Firm Resume). Courts, including those in this District, have recognized Class Counsel's extensive experience in complex

consumer litigation and have found them adequate to represent class members. ECF Nos. 101-3; 101-11; *see Kandel v. Dr. Dennis Gross Skincare, LLC*, No. 1:23-cv-01967-ER, ECF No. 92 (S.D.N.Y. Oct. 31, 2024) (false labeling and advertising of products as containing collagen; Clarkson Law Firm appointed Class Counsel and final approval of $9.2 million nationwide settlement granted by Hon. Edgardo Ramos); *Swetz v. GSK Consumer Health, Inc.*, No. 7:20-CV-04731-NSR, 2021 WL 5449932 (S.D.N.Y. Nov. 22, 2021) (false labeling of products as "100% Natural" and "Clinically proven to curb cravings"; Clarkson Law firm appointed Class Counsel and final approval of $6.5 million nationwide class granted by Hon. Nelson S. Roman); *Prescott v. Bayer Healthcare LLC*, No. 20-cv-00102-NC, 2021 WL 12331574 (N.D. Cal. Dec. 15, 2021) (granting final approval of class action settlement and appointing Clarkson Law Firm, P.C. Class Co-Counsel); *Hezi v. Celsius Holdings, Inc.*, No. 1:21 cv-09892-JHR, 2023 WL 2786820, at *2 (S.D.N.Y. Apr. 5, 2023) (finding that "Clarkson Law Firm, P.C. has fairly and adequately protected the interests of the Settlement Class and are qualified to represent the Settlement Class and are, therefore, appointed as Class Counsel"); *Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, at *30  2020 WL 1972505 (N.D. Cal. Feb. 5, 2020) (granting final approval of nationwide class settlement in a consumer class action litigated by current managing partners of Treehouse Law); *Hesse v. Godiva Chocolatier, Inc.*, No. 1:19-CV-0972-LAP, 2022 WL 22895466, at *17 (S.D.N.Y. Apr. 20, 2022) (same).

Class Counsel is equally adequate to represent the Settlement Class here. Their track record in this case demonstrates vigorous and effective advocacy at every stage of the litigation, including: (i) defeating Defendant's motion to dismiss; (ii) securing class certification under Rule 23(b)(2); (iii) conducting extensive fact and expert discovery; and (iv) negotiating a nationwide Settlement after arms-length mediation with an experienced neutral. Nassir Decl. ¶¶ 20–23.

Furthermore, "[t]he recommendations of plaintiff['s] counsel should be given a presumption of reasonableness" when contemplating the approval of a proposed settlement. *Knight v. Red Door Salons, Inc.*, No. 08–01520 SC, 2009 WL 248367, at *4 (N.D. Cal. Feb. 2, 2009) (citation omitted). Here, the opinion of Class Counsel supporting the Settlement "is accorded considerable weight" because Class Counsel have substantial experience in class action litigation and, in particular, with

class action litigation specific to California's consumer protection statutes and false labeling laws. Nassir Decl. ¶ 35; *see also* ECF No. 101-11 (Treehouse Law Firm Resume); ECF No. 101-3 (Clarkson Law Firm Resume); *Carter v. Anderson Merch., LP*, Nos. EDCV 08–0025–VAP (OPx), EDCV 09–0216–VAP (OPx), 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010); *see Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).

Based on their experience and reasoned judgment, the information learned through extensive fact and expert discovery, and legal research for this and similar cases, Class Counsel concluded that the Settlement provides exceptional results for the Class while avoiding the uncertainties of continued and protracted litigation. Nassir Decl. ¶¶ 50–52.

**E. The Requested Attorneys' Fees and Costs Are Appropriate**

Federal Rule of Civil Procedure 23(e)(2)(C)(iii) requires the Court to consider "the terms of any proposed award of attorney's fees, including timing of payment." In this context, the Ninth Circuit instructs courts to be alert for "subtle signs that class counsel have allowed pursuit of their own self-interests . . . to infect the negotiations," regardless of whether settlement was reached pre- or post-certification. *Westfall v. Ball Metal Bev. Container Corp.*, No. 2:16-02632-KJM-CKD, 2021 WL 4206851, at *4 (E.D. Cal. Sept. 16, 2021) (citing *Briseño v. Henderson*, 998 F.3d 1014, 1023 (9th Cir. 2021)).

First, as detailed in Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Service Award (ECF No. 101), Class Counsel's request for attorneys' fees and costs of $645,000 is within the range deemed reasonable by courts in this Circuit. *Harbour v. Cal. Health & Wellness Plan*, No. 5:21-cv-03322-EJD, 2024 WL 171192, at *8 (N.D. Cal. Jan. 16, 2024) ("[T]he Court finds an award of attorneys' fees to Class Counsel in the amount of $2,500,000 fair, reasonable, and adequate."); *Fleming v. Impax Lab'ys Inc.*, No. 16-cv-06557-HSG, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022) ("In light of these cases, the risks of litigation, the financial burden assumed, and the favorable settlement, Plaintiffs' counsel's request is reasonable and the Court GRANTS attorneys' fees of $9,900,000, plus interest."); *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL

6619983, at *16 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020) (approving an award of attorneys' fees over $95,000,000 and finding that the  "the amount of requested fees is reasonable" was reasonable under the lodestar method); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *6 (N.D. Cal. Mar. 17, 2017) (granting motion for attorneys' fees and costs and awarding $167 million in attorneys' fees and $8 million in costs).

The requested fee is proportionate to the results obtained and justified by the risks Class Counsel assumed in litigating on a wholly contingent basis for more than three years of contested motion practice and discovery, and the excellent results obtained for a nationwide Class. Class Counsel is also not seeking a positive multiplier, but rather a negative multiplier of 0.203, as the requested fee represents a significant reduction from the actual lodestar incurred. Nassir Decl. ¶ 38; *see In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 4171201, at *16 (N.D. Cal. 2007) ("The resulting so-called negative multiplier suggests that the percentage-based amount is reasonable and fair based on the time and effort expended by class counsel."); *Schiller v. David's Bridal, Inc.*, No. 1:10-CV-00616-AWI, 2012 WL 2117001, at *23 (E.D. Cal. June 11, 2012) ("An implied negative multiplier supports the reasonableness of the percentage fee request.") *report and recommendation adopted,* 2012 WL 13040405 (E.D. Cal. June 28, 2012); *In re Yahoo Email Litig.*, No. 13-CV-4980-LHK, 2016 WL 4474612, at *11 (N.D. Cal. Aug. 25, 2016) (finding that the lodestar multiplier of 0.97 "is within the range of reasonableness" and granting a request for approximately $4 million in attorney's fees); *Guttman v. Ole Mexican Foods, Inc.*, No. 14-CV-04845-HSG, 2016 WL 9107426, at *6 (N.D. Cal. Aug. 1, 2016) (finding that a fee request was "especially" reasonable because counsel voluntarily applied a multiplier of .59); *Campbell v. Facebook, Inc.*, No. 13-CV-05996-PJH, 2017 WL 3581179, at *7 (N.D. Cal. Aug. 18, 2017) (approving a $3.89 million fee award where plaintiffs applied a negative multiplier of .497) *aff'd,* 951 F.3d 1106 (9th Cir. 2020). This strongly supports the conclusion that the requested fee is fair and reasonable.

In addition to fees, Class Counsel requests reimbursement of $286,569.31 in litigation expenses, which were necessarily incurred in the prosecution of this complex case and are

MOTION FOR FINAL APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT

reasonable. *See* MFA 11:26; Nassir Decl. ¶ 12; Sodaify Dec. ¶ 43; *Staton v. Boeing Co.*, 327 F.3d 938, 974–75 (9th Cir. 2003). Class Counsel is entitled to recover standard out-of-pocket expenses that an attorney would customarily bill to a fee-paying client. *See*, *e.g.*, *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

The expenses incurred here were both reasonable and necessary to secure the favorable outcome achieved in this case. Together, the fee and cost requests are appropriate, consistent with similar cases, and fully supported by the record. Any fee and cost award will be paid within thirty days of the Court's approval of the Attorneys' Fees and Costs Award, notwithstanding any appeal or other proceedings delaying the Effective Date. Ex. A §§ 4.2, 4.3.

**F.    No Other Agreements**

Federal Rule of Civil Procedure 23(e)(2)(C)(iv) requires the parties to identify any agreement made in connection with the Settlement. Here, the only agreement is the Settlement Agreement itself (Ex. A), which was submitted to the Court with Plaintiff's motion for preliminary approval. There are no separate side agreements between the parties. This factor therefore supports final approval of the Settlement.

**G.    Lack of Government Participant and Class Reaction Factors Support Approval**

Here, "no government participant is involved, so the court does not weigh this factor." *See Lilly*, 2015 WL 2062858, at *3. Similarly, because notice is "not necessary, the reaction of the class is not considered in weighing the fairness factors." *See id.*; *Jermyn v. Best Buy Stores*, No. 08 Civ. 214 CM, 2012 WL 2505644, at *6 (S.D.N.Y. June 27, 2012) ("[B]ecause class members' monetary claims are not being released and instead remain intact, no notice is required. Therefore, this factor is not relevant to the settlement approval analysis."); *Kim v. Space Pencil, Inc.*, No. C 11-03796 LB, 2012 WL 5948951, at *6 (N.D. Cal. Nov. 28, 2012) ("[T]he reaction of class members is not relevant here because notice [is] not required under Federal Rule of Civil Procedure 23(e) and there is no binding effect on the class nor is there a release being provided.").

Even so, Plaintiff is unaware of any negative reaction to the Settlement as there are no objections from Class members that Plaintiff is aware of, and the Parties have not received any

Case No. 3:23-cv-00572-TSH                          16
MOTION FOR FINAL APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT

objections stemming from CAFA notice to United States Attorney Generals of all 50 states and territories. Nassir Decl. ¶ 25.

In sum, because the Settlement involves only injunctive relief and requires no notice, the information supporting its approval remains the same as at the preliminary approval stage, which the Court granted. ECF No. 100 at 12:23–13:7. As with preliminary approval, all relevant factors warrant final approval.

## VI.    CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court: (1) grant final approval of the Settlement; (2) grant Plaintiff's request for a service award of $5,000; (3) grant Class counsel's request for attorneys' fees and costs of $645,000; (4) grant such other relief as the Court deems just and proper; and (5) enter final judgment and order.

Dated: April 28, 2026

**TREEHOUSE LAW, LLP**

By: */s/ Joshua Nassir*
Joshua Nassir
Benjamin Heikali
Ruhandy Glezakos
Katherine Phillips


**CLARKSON LAW FIRM, P.C.**

By: */s/ Bahar Sodaify*
Ryan J. Clarkson
Bahar Sodaify


*Attorneys for Plaintiff and the Settlement Class*

## ATTESTATION OF E-FILED SIGNATURE

I, Joshua Nassir, am the ECF User whose ID and password are being used to file the foregoing Notice of Motion and Motion for Final Approval of Rule 23(b)(2) Class Action Settlement. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated: April 28, 2026                                          By: */s/ Joshua Nassir*

                                                                           Joshua Nassir